UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTICT OF NEW YORK

---------------------------------------------------------------x
:
**In re:** : **Chapter 11**
:
**BRICKCHURCH ENTERPRISES, INC.,** : **Case No. 8-22-70914-ast**
:
:
:
**Debtor.** :
:
---------------------------------------------------------------x

**APPLICATION OF DEBTOR PURSUANT TO SECTIONS 327(a)
AND 328 OF THE BANKRUPTCY CODE, FEDERAL RULE OF
BANKRUPTCY PROCEDURE 2014(a), AND LOCAL BANKRUPTCY
RULE 2014-1 FOR AUTHORITY TO RETAIN AND EMPLOY
SIMMONS LEGAL PLLC AS BANKRUPTCY COUNSEL
<u>TO DEBTOR-IN-POSSESSION</u>**

Brickchurch Enterprises, Inc. in the above-captioned chapter 11 case, as debtor and debtor-in-possession submits this application (the "***Application***") for entry of an order pursuant to sections 327(a) and 328 of title 11 of the United States Code (the "***Bankruptcy Code***") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***") and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Eastern District of New York (the "***Local Rules***"), approving the retention and employment of Simmons Legal PLLC ("***Simmons Legal***") as debtor-in-possession bankruptcy counsel ("***Bankruptcy Counsel")*** to the Debtor. In support of the Application, the Debtor respectfully represents:

## Background

1. On April 30, 2022 (the "***Petition Date***"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

2. The Debtor continues to operate and manage its property as debtor and debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. No trustee or examiner has been appointed in this chapter 11 case.

### Debtor's Asset Holdings

4. The Debtor is the owner of an beach front luxury residential estate (the "***Debtor's Beach Front Estate***") located at 366 Gin Lane, Southampton, New York, 11968. The Beach Front Estate boasts 11,000 +/- square feet of living space, nine bedrooms, two living rooms, 8 full bathrooms and 2 powder rooms, two kitchens, a large gym with steam, sauna and a massage room, a very large cinema, and a billiard room. It sits on 2.05 acres of land and has two driveways, a car garage that can fit up to six cars, and a tennis court. The property is high end and has in the past generated rental income of $250,000 for only one week of rental. Therefore, the property could generate $1 million or more in monthly revenue.

5. A famous French architect and local well-regarded architect designed the home. It cost $10 million to construct the home in the year 2000, which would equate to approximately $25 million in today's dollars. As of the Petition Date, the Beach Front Estate was worth approximately $63 million. There is substantial equity in the property to support a standalone sale or refinancing.

6. Adjacent to the Debtor's Beach Front Estate is another luxury estate located at 367 Gin Lane in Southampton. (the "***Adjacent Luxury Estate***"). The Adjacent Luxury Estate is owned by Aberdeen Enterprises, Inc.

### Prepetition Capital Structure

7. As of the Petition Date, the Debtor's total liabilities were approximately $54,245,089 and consisted of, among other things, a secured loan (the "***JGB Loan")*** held by

lender JGB Partners, LP, JGB Capital, LP, JGB (Cayman) Ancona, Ltd., JGB Plymouth Rock, LLC and their affiliates (collectively, "***JGB***") in the outstanding amount of approximately $39.9 million[1] and unsecured debt obligations owed to Louise Blouin for a loan in the approximate amount of $10,676,485.  The JGB Loan is secured by the Debtor's Beach Front Estate and the Adjacent Luxury Estate.

## Jurisdiction and Venue

8. This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334.  Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

9. The statutory predicates for the relief requested herein are sections 327(a) and 328(a) of the Bankruptcy Code.

## Relief Requested

10. By this Application, the Debtor seeks authority, pursuant to sections 327(a) and 328 of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1 to retain and employ Simmons Legal as Bankruptcy Counsel to perform the legal services set forth herein.  In support of this Application, the Debtor submits the declaration of Camisha L. Simmons, Esq., managing member/principal of Simmons Legal PLLC, (the "***Simmons Declaration***"), attached hereto as **Exhibit A**.

11. The Debtor desires to retain Simmons Legal as Bankruptcy Counsel to provide such legal services as are necessary and requested by the Debtor.  Ms. Camisha L. Simmons, Esq. has been retained as counsel to Brickchurch Enterprises, Inc. due to her vast expertise in

---

[1] The total amount owed JGB is disputed.

complex domestic and cross-border bankruptcy restructurings. By reason of Ms. Simmons's restructuring experience and general knowledge of the Debtor's assets and affairs, the Debtor believes that the retention of Simmons Legal is in the best interest of the Debtor, its bankruptcy estate ("**Bankruptcy Estate**") and its creditors.

12. The Debtor intends, subject to the Court's approval, to employ Simmons Legal on an hourly basis and to compensate and reimburse Simmons Legal for properly reimbursable expenses and out-of-pocket costs as an expense of administration on a monthly basis pursuant to the procedures set in the Bankruptcy Code and Rules and applicable orders of this Court.

13. At the Debtor's request, on and after June 21, 2022, Simmons Legal commenced providing legal services to the Debtor, including drafting of these retention papers, analysis of the Debtor's restructuring options and assets and fact gathering.

## Services to be Rendered

14. Simmons Legal has provided and proposes to continue providing the following services to the Debtor and its owners and directors, including the following:

    (a)    Advising the Debtor on all matters related to his chapter 11 case;

    (b)    Preparing, presenting, negotiating, and responding to, on behalf of the Debtor, as debtor in possession, necessary applications, motions, objections, orders, reports, plan of reorganization, filings and other legal papers in connection with the Debtor's chapter 11 case;

    (c)    Consulting with the Debtor's management and other advisors in connection with the Debtor's restructuring and reorganization efforts;

    (d)    Attending meetings and negotiating with representative of the Debtor's prepetition lenders, prospective lenders, prospective buyers and other third parties and participating in negotiations with respect to the aforementioned matters; and

    (e)    Performing any other necessary legal services normally associated with the above matters, as the Debtor's Bankruptcy Counsel during the pendency of this chapter 11 case.

15. Through this Application, the Debtor requests authority to retain Simmons Legal to continue to provide these services and any related services. Simmons Legal already has considerable knowledge concerning the Debtor and is familiar with the Debtor's operations, assets and financial affairs to the extent necessary to effectively render the proposed services. The Debtor believes that such experience and knowledge will be essential to the Debtor's effective and efficient administration of this case.

## No Duplication of Services

16. The Debtor believes that Simmons Legal's services will complement and support rather than be duplicative of the services to be provided by other professionals employed by the Debtor. The Debtor understands that Simmons Legal will work with the other professionals retained by the Debtor to avoid any duplication of services.

## Terms of Retention and Compensation

17. Subject to the Court's approval, and in accordance with section 330(a) of the Bankruptcy Code, Simmons Legal intends to (a) charge for its legal services on an hourly basis in accordance with its ordinary and customary hourly rates in effect on the date services are rendered and (b) seek reimbursement of actual and necessary out-of-pocket expenses. Simmons Legal will maintain detailed, contemporaneous records of time and any actual and necessary expenses incurred in connection with the rendering of the legal services described above by category and nature of the services rendered.

18. The hourly rates charged by Simmons Legal for each of the above-referenced services to be provided on an hourly basis are:

    Partners                           $525 per hour
    Associates                       $370-475 per hour
    Paralegals                       $225-290 per hour

19. The current hourly rates set forth above are Simmons Legal's standard rates charged to clients, and the specific compensation arrangement between the Debtor and Simmons Legal is consistent with and typical of arrangements entered into by Simmons Legal and other comparable law firms with respect to rendering similar services of this nature for clients such as the Debtor.

20. These hourly rates and applicable hourly rates as may be agreed to by the Debtor and Simmons Legal are subject to periodic adjustments to reflect economic and other conditions. The rates set forth above are at a level designed to fairly compensate Simmons Legal for the work of its attorneys and legal assistants (the "*Professionals*") and to cover fixed and routine overhead expenses. These are the billing rates for the Professionals most likely to represent the Debtor. From time to time there may be a Professional who bills the Bankruptcy Estate at a rate that is higher or lower than these rates.

21. It is Simmons Legal's policy to charge its clients in all areas of service for all other expenses incurred in connection with the client's account. The expenses charged to clients include, among other things, telephone, toll and other charges, mail and express mail charges, special or hand delivery charges, photocopying charges, travel expenses, expenses for "working meals," computerized research, couriers, postage, and non-ordinary overhead expenses such as overtime for secretaries and other staff. Simmons Legal will charge the Debtor for these expenses in a manner and at rates consistent with charges made generally to Simmons Legal's other clients and to the extent the rates are in accordance with the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses (the "*UST Guidelines*").

22. Subject to the Court's approval, and in accordance with section 330(a) of the Bankruptcy Code, the applicable provisions of the Bankruptcy Rules, the Local Bankruptcy Rules, the UST Guidelines, and any additional procedures established by the Court in this chapter 11 case, Simmons Legal intends to apply to the Court for payment of compensation and reimbursement of expenses. Simmons Legal shall submit with its fee applications detailed daily time entries for each individual in one-tenth (.10) hour increments explaining the services provided as well as a categorized summary of all disbursements and expenses for which Simmons Legal is seeking reimbursement.

### Simmons Legal's Disinterestedness and Lack of Adverse Interest

23. To the best of the Debtor's knowledge, information, and belief, other than in connection with this chapter 11 case, and based upon the Simmons Legal Declaration, Simmons Legal has no connection with the Debtor, its creditors, the United States Trustee, or any other party with an actual or potential interest in this chapter 11 case, except as set forth in the Simmons Declaration, and does not represent or hold any interest adverse to the Debtor or its Bankruptcy Estate with respect to the matters on which Simmons Legal is to be engaged.

24. Simmons Legal does not currently represent nor has represented the creditors and other entities and parties in interest (the "***Potential Parties in Interest***") in this chapter 11 case.

### Supporting Authority

25. Section 327(a) of the Bankruptcy Code provides that a trustee, subject to Court approval:

> [M]ay employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a).  Section 328(a) of the Bankruptcy Code provides, in relevant part, as follows:

> The trustee . . . with the court's approval, may employ or authorize the employment of a professional person under section 327 . . . of this title . . . on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis.

11 U.S.C. § 328(a).  Bankruptcy Rule 2014(a) provides, in relevant part, as follows:

> An order approving the employment of attorneys . . . or other professionals pursuant to § 327. . . of the Code shall be made only on application of the trustee or committee.

Moreover, Bankruptcy Rule 2014 requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014; see also E.D.N.Y. L.B.R. 2014-1.

Additionally, counsel is disinterested if the following definition is met:

> a person that: is not a creditor, an equity security holder, or an insider; [or] is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor; and…does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.

11 U.S.C. § 101(14)(A)–(C).

## Retention of Simmons

26. Additionally, and as further described above and in the Simmons Declaration, Simmons Legal does not represent or hold any interest adverse to the Debtor or to its Bankruptcy

8

Estate with respect to the matters on which Simmons Legal is to be employed. Therefore, and for all the reasons stated above, the Debtor respectfully requests the Court authorize Simmons Legal's retention pursuant to section 327(a) of the Bankruptcy Code.

### Notice

27.    The Debtor will provide notice of this Application via email or first class mail to: (i) the United States Trustee, (ii) the largest unsecured creditors on Debtor's service list, (iii) all parties requesting notice pursuant to Bankruptcy Rule 2002, and (iv) counsel to the Debtor's secured lender.  The Debtor submits that given the circumstances and the notice of the relief requested herein, no other or further notice is required.

### No Prior Request

WHEREFORE, the Debtor respectfully requests that the Court enter an order, in substantially the same form attached hereto as **Exhibit B**, authorizing the Debtor to employ Simmons Legal as its Bankruptcy Counsel effective as of June 21, 2022, and grant to the Debtor such other and further relief as is just and proper.

Dated:  June 25, 2022
New York, New York                           */s/ Louise Blouin*_____
                                             **Louise Blouin, Director**
                                             Brickchurch Enterprises, Inc.


                                             SIMMONS LEGAL PLLC
                                             */s/ Camisha L. Simmons*
                                             **Camisha L. Simmons**
                                             SIMMONS LEGAL PLLC
                                             1330 Avenue of the Americas, Suite 23A
                                             New York, New York 10019
                                             212.653.0667 (Telephone- New York)
                                             214.643.6192 (Telephone- Dallas)
                                             800.698.9913 (Facsimile)
                                             Email:  camisha@simmonslegal.solutions
                                             ***PROPOSED COUNSEL FOR DEBTOR***

# **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that, on June 25, 2022, a true and correct copy of the foregoing *Application of Debtor Pursuant to Sections 327(a) and 328 of the Bankruptcy Code, Federal Rule of Bankruptcy Procedure 2014(a), and Local Bankruptcy Rule 2014-1 for Authority to Retain and Employ Simmons Legal PLLC as Bankruptcy Counsel to Debtor-in-Possession* was served electronically upon the counsel and parties of record through the Court's Electronic Case Filing System on those parties that have consented to such service and by first class mail to those parties listed on Debtor's service list.

/s/ *Camisha L. Simmons*
Camisha L. Simmons

**Exhibit A**

Simmons Declaration

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
: 
**In re:** : **Chapter 11**
: 
**BRICKCHURCH ENTERPRISES, INC.,** : **Case No. 22-70914-ast**
: 
: 
**Debtor.** : 
: 
---------------------------------------------------------------x

**DECLARATION OF CAMISHA L. SIMMONS IN SUPPORT
OF THE APPLICATION OF DEBTOR PURSUANT TO
SECTIONS 327(a) AND 328 OF THE BANKRUPTCY CODE,
FEDERAL RULE OF BANKRUPTCY PROCEDURE 2014(a), AND LOCAL
BANKRUPTCY RULE 2014-1 FOR AUTHORITY TO RETAIN AND EMPLOY
<u>SIMMONS LEGAL PLLC AS BANKRUPTCY COUNSEL</u>**

1. I am the managing member/principal of the law firm of Simmons Legal PLLC ("***Simmons Legal***"), which maintains offices for the practice of law at 1330 Avenue of the Americas, Suite 23A, New York, New York 10019 and 6060 N. Central Expressway, Suite 500, Dallas, Texas 75206.

2. I am duly authorized to make this declaration ("***Declaration***"). I am an attorney-at-law, duly admitted to practice in the federal and state courts of New York. I submit this Declaration in connection with the Application[2] of Brickchurch Enterprises, Inc. (the "***Debtor***"), to retain Simmons Legal as Bankruptcy Counsel to the Debtor, consistent with the terms and conditions set forth in the Application and in the engagement letter on file with the Debtor and to provide the disclosures required under section 327(a) of title 11 of the United States Code (the "***Bankruptcy Code***"), the Local Rules of Bankruptcy Practice and Procedure of the United States

---

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Application.

Bankruptcy Court for the Eastern District of New York (the "**Local Rules**"), and Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

3. This Declaration will be supplemented from time to time as necessary and appropriate.

### Simmons Legal's Disinterestedness and Lack of Adverse Interest

4. To the best of my knowledge and information, except as set forth below, Simmons Legal has no connection with the Debtor, its creditors, and professionals to the extent they are known to Simmons Legal or any other currently known party in interest. Additionally, to the best of my knowledge and information, Simmons Legal is disinterested and does not hold or represent any interest adverse to the Debtor or its Bankruptcy Estate with respect to matters on which Simmons Legal is to be engaged.

5. Other than as set forth herein, Simmons Legal is not a creditor of the Debtor, and is not an equity security holder or an insider of the Debtor.

6. Insofar as I have been able to ascertain based on the information currently available to me, neither I, Simmons Legal, nor any partner, counsel, or associate thereof, represents any interest adverse to the Debtor in the matters upon which Simmons Legal is to be engaged.

### Compensation of Simmons Legal

7. Simmons Legal intends to apply for compensation for professional services rendered in connection with this chapter 11 case, subject to the approval of this Court and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the UST Guidelines, and any orders of this Court, on an hourly basis, plus reimbursement of actual, necessary expenses, and other charges incurred by Simmons Legal. The hourly rates applicable as of the date of the filing of the Debtor's bankruptcy petitions to the principal

Simmons Legal attorneys and paraprofessionals (the "***Professionals***") proposed to represent the Debtor are:

|  |  |
|---|---|
| Partners | $525 per hour |
| Associates | $370-475 per hour |
| Paralegals | $225-290 per hour |

8.      The Debtor understands that all of the hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions. These are the billing rates for the Professionals most likely to represent the Debtor. From time to time there may be a Professional who bills the Bankruptcy Estate at a rate that is higher or lower than these rates.

9.      The hourly rates set forth above are Simmons Legal's standard hourly rates for work of this nature. These rates are set at a level designed to compensate Simmons Legal fairly for the work of its Professionals. It is Simmons Legal's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's representation. The expenses charged to clients include, among other things, telephone and telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, travel expenses and travel related expenses, expenses for "working meals," and computerized research and transcription costs. Simmons Legal will charge the Bankruptcy Estate for these expenses in a manner and at rates consistent with charges made generally to Simmons Legal's other clients. Simmons Legal believes that these expenses should fairly be charged to the clients incurring them rather than to increase the hourly rates and spread the expenses among all clients. In addition, Simmons Legal intends to seek compensation for all time and expenses associated with (i) its retention as a section 327(a) professional, including the preparation of the Application, this Declaration, and related documents, and (ii) the preparation of any fee statements or fee applications.

10.     Other than as set forth herein, there is no proposed arrangement to compensate Simmons Legal.  Simmons Legal has not shared, nor agreed to share (a) any compensation it has received or may receive with any other party or person, other than with the partners, counsel, and associates of Simmons Legal, or (b) any compensation another person or party has received or may receive.

11.     Simmons Legal has received a $5,000 retainer from the Debtor.

12.     Simmons Legal will send the Debtor invoices for services rendered and disbursements incurred.  During the course of this chapter 11 case, such invoices constitute a request for interim payment against the total reasonable fees and reimbursable expenses to be determined at the conclusion of this chapter 11 case.  Interim and final payments are to be made on account of such invoices only in accordance with orders of the Court.  Simmons Legal intends to apply to the Court for allowance of compensation for professional services rendered and reimbursement of charges and disbursements incurred in this chapter 11 case in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the UST Guidelines, and any orders of the Court.

13.     By reason of the foregoing, I believe that the standard articulated by courts regarding the retention of counsel by the Debtor has been met in this case; that the Court should find that Simmons Legal is disinterested and neither holds nor represents any interest adverse to the Debtor or the Bankruptcy Estate with respect to the matter on which Simmons Legal is being employed; and that Simmons Legal is eligible for employment and retention by the Debtor pursuant to section 327(a) of the Bankruptcy Code and the applicable Bankruptcy Rules.

4

14. I will file an amendment to this Declaration immediately upon my learning that any of the representations contained herein are inaccurate or to the extent that there are any changes of circumstance relating to the foregoing representations.

15. By reason of the foregoing, I believe Simmons Legal is eligible for employment and retention by the Debtor as Bankruptcy Counsel pursuant to section 327(a) of the Bankruptcy Code and Bankruptcy Rule 2014 and Local Rule 2014-1.

16. I declare under penalty of perjury under the laws of the United States, that the foregoing statements are true and correct.

*/s/Camisha L. Simmons*
Camisha L. Simmons, Esq.,
Managing Member/Principal
Simmons Legal PLLC

**Exhibit B**

**Proposed Form of Order**

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTICT OF NEW YORK

---------------------------------------------------------------x
:
In re:                                                         :        Chapter 11
                                                               :
BRICKCHURCH ENTERPRISES, INC.,                                 :        Case No. 8-22-70914-ast
                                                               :
                                                               :
                                                               :
                         Debtor.                               :
                                                               :
---------------------------------------------------------------x

**ORDER PURSUANT TO SECTIONS 327(a) AND 328 OF THE BANKRUPTCY
CODE, FEDERAL RULE OF BANKRUPTCY PROCEDURE 2014(a), AND LOCAL
BANKRUPTCY RULE 2014-1 FOR AUTHORITY TO RETAIN AND
EMPLOY SIMMONS LEGAL PLLC AS BANKRUPTCY COUNSEL**

Upon consideration of the Application[1] of the Debtor for Entry of an Order Pursuant to Sections 327(a) and 328 of title 11 of the United States Code (the "***Bankruptcy Code***") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***") and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Eastern District of New York (the "***Local Rules***"), approving the retention and employment of Simmons Legal ("***Simmons Legal***") as debtor-in-possession bankruptcy counsel ("***Bankruptcy Counsel***") to the Debtor effective as of June 21, 2022, and the Declaration of Camisha L. Simmons in Support of the Application (the "***Simmons Declaration***") and the Court being satisfied that Simmons Legal is disinterested and represents no interest adverse to the Debtor or to its Bankruptcy Estate in the matters upon which Simmons Legal is to be engaged and that Simmons Legal's employment is necessary and would be in the best interests of the Debtor's Bankruptcy Estate, creditors, and other parties in interest; and due and sufficient notice

2

of the Application having been given under the particular circumstances; and it appearing that no other or further notice is required; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

**O**RDERED, ADJUDGED AND DECREED THAT:

1. The Application is GRANTED.

2. Pursuant to Bankruptcy Code sections 327(a) and 328, the Debtor, as debtor-in-possession, are authorized to employ and retain Simmons Legal as its Bankruptcy Counsel, effective as of June 21, 2022, in accordance with the Application and this Order, and to perform the services described therein.

3. Simmons Legal shall be compensated in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the United States Trustee Fee Guidelines, and any orders entered in this case governing professional compensation and reimbursement for services rendered and charges and disbursements incurred..

4. With respect to Simmons Legal's services rendered prepetition and its provision of post-petition services, Simmons Legal hereby irrevocably and unconditionally submits to the exclusive jurisdiction of this Court over any suit, action or proceeding arising out of or relating to its representation of the Debtor, or this Order, and over the approval of its request for any fees and expenses (including any requests for indemnification, contribution or reimbursement) accruing through confirmation of a plan of reorganization in this chapter 11

---

*(footnote continued from prior page)*

[1] Capitalized terms not defined herein shall have the meanings ascribed thereto in the Application.

case or, in the event that no plan of reorganization is confirmed in this case, fees and expenses accruing prior to the last date of Simmons Legal's employment pursuant to the Engagement Letter, as modified by this Order. This Court shall retain jurisdiction to construe and enforce the terms of the Application and this Order.

Dated: July___, 2022

                                                      UNITED STATES BANKRUPTCY JUDGE