IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | § § § | Chapter 11 |
| BRICKCHURCH ENTERPRISES, INC. | § § § | Case No. 8-22-70914-ast |
| | § | Ref. Doc. Nos. 44&45 |
| Debtor. | § | |

**ORDER: (I) CONDITIONALLY GRANTING JGB'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO SECTION 362(D) OF THE BANKRUPTCY CODE; AND (II) ADJOURNING THE DETERMINATION OF JGB'S MOTION TO DISMISS PURSUANT TO 11 U.S.C. §§ 305(A) AND 1112(B)**

**WHEREAS**, by Notice of Motion dated July 11, 2022, JGB Partners, LP, JGB Capital, LP, JGB (Cayman) Ancona, Ltd. and JGB Plymouth Rock, LLC and their affiliates (collectively "JGB"), secured creditors of Brickchurch Enterprises, Inc. (the "Debtor") moved this Court for entry of orders [Doc. Nos. 44 & 45] (collectively, the "Motions"): (i) dismissing the above-captioned bankruptcy case (the "Chapter 11 Case"), or alternatively (ii) granting JGB relief from the automatic stay to exercise its state law remedies in the Supreme Court for the State of New York, County of Suffolk (the "State Court") with respect to the properties located at 366 Gin Lane (the "366 Gin Lane Property") and 376 Gin Lane (the "376 Gin Lane Property");

**WHEREAS** on August 31, 2022, the Court held a hearing with respect to the Motions (the "Hearing") and issued certain findings of fact and conclusions of law which are incorporated as if fully set forth herein;

**WHEREAS** at the Hearing, the Court admitted the following exhibits: (i) Exhibits 1–56; 58, 59, and 62–87 listed on *JGB's Witness and Exhibit List for Hearing on August 31, 2022 at 10:30 a.m. ET* [Doc. No. 83] and (ii) Exhibits A and C–I listed on the *Debtor's List of Witnesses and Exhibits for Scheduled Contested Matters* [Doc. No. 79], *provided that*, with respect to Exhibit

F,[1] the Court did not admit those portions of Exhibit F that characterize conduct, as described by the Court on the record at the Hearing;

**WHEREAS**, for the reasons stated on the record at the Hearing, the Court is of the opinion that the Court's ruling on the relief prayed for in *JGB's Motion to Dismiss Pursuant to 11 U.S.C. §§305(a) and 1112(b)* [Doc. No. 44] (the "Motion to Dismiss") is carried until a status conference to be held on October 6, 2022 at 11:00 a.m. ET, as set forth herein;

**WHEREAS**, for the reasons stated on the record at the Hearing, the Court is of the opinion that the relief prayed for in the *JGB's Motion for Relief from the Automatic Stay Pursuant to Section 362(d) of the Bankruptcy Code* [Doc. No. 45] should be conditionally granted in part as set forth herein; accordingly

**NOW, THEREFORE, IT IS HEREBY**

**ORDERED THAT**, the automatic stay pursuant to section 362 of title 11 of the United States Code (the "Bankruptcy Code") is hereby vacated to permit JGB to proceed with exercising its state law remedies in the State Court with respect to the 376 Gin Lane Property.

**ORDERED THAT**, the automatic stay pursuant to section 362 of the Bankruptcy Code shall remain in place with respect to the 366 Gin Lane Property until 11:59 p.m. ET on September 30, 2022 (the "Deadline"), and shall remain in place after the Deadline, *provided that*, on or before the Deadline, the Debtor files a motion: (i) seeking approval to enter into a contract for the sale of the 366 Gin Lane Property that is bona fide, non-contingent, for a sale price of no less than $52 million (payable in cash at closing), and with the closing date for such sale to occur no later than November 9, 2022 (such motion, the "Motion to Sell"); or (ii) seeking approval to enter into a

---

[1] Exhibit F is the *Affidavit of Louise Blouin in Support of (I) Debtor's Response in Opposition to JGB's Motion to Dismiss Pursuant to 11 U.S.C. §§305(a) and 1112(b) of the Bankruptcy Code, (II) Debtor's Response in Opposition to JGB's Motion for Relief from Automatic Stay Pursuant to Section 362(d) of the Bankruptcy Code and (III) Debtor's Chapter 11 Relief* [Doc. No. 76].

contract for the refinancing (take-out financing) of the 366 Gin Lane Property, that is bona fide, non-contingent, for no less than $52 million, and with the closing date for such refinancing to occur no later than November 9, 2022 (such motion, the "Motion to Refinance").

**ORDERED THAT**, if the Debtor does not file the Motion to Sell or the Motion to Refinance by the Deadline, then the automatic stay pursuant to section 362 of the Bankruptcy Code with respect to the 366 Gin Lane Property shall be automatically lifted at 12:00 a.m. ET on October 1, 2022, permitting JGB to proceed with exercising its state law remedies in the State Court with respect to the 366 Gin Lane Property.

**ORDERED THAT**, the Court carries its ruling on the Motion to Dismiss to a status conference to be held before the Court on October 6, 2022 at 11:00 a.m. ET.

**ORDERED**, that JGB is authorized, but not directed, to file this Order with the State Court.

**ORDERED**, that this Order shall survive any conversion of this Chapter 11 Case, and shall be binding on the Debtor, its successors, and any trustee appointed, whether in this Chapter 11 Case, following conversion to Chapter 7 of the Bankruptcy Code, or otherwise.

**ORDERED**, that the relief granted in this Order is without prejudice to JGB's rights to seek additional relief. Nothing in this order shall be construed as a waiver of JGB's rights under applicable law.

**ORDERED**, that this Court retains jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the interpretation or enforcement of this Order.

**Dated: September 22, 2022**
**Central Islip, New York**

_____
**Alan S. Trust**
**Chief United States Bankruptcy Judge**