**IN UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

---

| | x | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| BRICKCHURCH ENTERPRISES, INC., | : | **Case No. 22-70914-ast** |
| | : | |
| Debtor. | : | |
| | x | |

---

**DEBTOR'S REQUEST FOR CLARIFICATION AND/OR RECONSIDERATION OF COURT'S AUGUST 31, 2022 ORDERS REGARDING (I) DEBTOR'S MOTION FOR ENTRY OF AN ORDER EXTENDING THE DEBTOR'S EXCLUSIVE PERIODS TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF; (II) JGB'S MOTION TO DISMISS PURSUANT TO 11 U.S.C. §§305(A) and 1112(B) OF THE BANKRUPTCY CODE; AND (III) JGB'S MOTION FOR RELIEF FROM AUTOMATIC STAY PURSUANT TO SECTION 362(d) OF THE BANKRUPTCY CODE**

Brickchurch Enterprises, Inc., (the "*Debtor*"), the debtor and debtor in possession in the above-captioned chapter 11 case, by and through its counsel submits this Motion ("*Motion*") requesting clarification and/or reconsideration of the required minimum refinancing and sale price amounts set forth in the Court's Orders (the "*Orders*")[1] issued at the August 31, 2022 hearing held before the Court on the *Debtor's Motion for Entry of an Order Extending the Debtor's Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof* [Dkt. No. 55]; *JGB's Motion to Dismiss Pursuant to 11 U.S.C. §§305(a) and 1112(b) of the Bankruptcy Code* [Dkt. No. 44]; and *JGB's Motion for Relief From Automatic Stay Pursuant to Section 362(d) of the Bankruptcy Code* [Dkt. No. 45] (collectively, the "*Contested Matters*"). **As set forth in this Motion, the minimum amount of the "Take Out" financing, should be the loan's payoff amount, and not the $52 million minimum amount set by the Court. Further, the Suffolk County records**

---

[1] *See* Dkt. Nos. 104 and 105.

**office has suffered a Cyber Attack. The title records, accordingly, are not available for real estate transactions to proceed and close in a timely manner. As a result, the Debtor is likewise seeking an extension of the closing deadline for financing and/or sale.** In support of this Motion the Debtor respectfully states as follows:

## BACKGROUND

1. On April 30, 2022, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor continues to operate and manage its property as debtor and debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in this chapter 11 case.

### Debtor's Asset

2. The Debtor is the owner of a luxury residential estate (the "***Debtor's Beachfront Estate***" or "***Property***") located at 366 Gin Lane, Southampton, New York, 11968.

3. Adjacent to the Debtor's Beachfront Estate is another luxury estate located at 376 Gin Lane in Southampton (the "***Adjacent Estate***"). The Adjacent Estate is owned by non-debtor Aberdeen Enterprises, Inc. Both entities are owned by a company located in the British Virgin Islands.

### Debtor's Prepetition Debt

4. As of the Petition Date, the Debtor's total liabilities were listed at approximately $54,245,089 and consisted of, among other things, a secured loan (the "***JGB Loan")*** held by JGB Partners, LP, JGB Capital, LP, JGB (Cayman) Ancona, Ltd., JGB Plymouth Rock, LLC (collectively, "***JGB***") in the outstanding amount of approximately $39.9 million and unsecured debt obligations owed to Louise Blouin, the Debtor's principal, for a loan in the approximate amount of $10,676,485.

5. Pursuant to the JGB Loan, JGB provided the Debtor a loan in the amount of $26

million. At the time the JGB Loan was entered into in July 2018, the Beachfront Estate was valued at $52 million, which is twice the amount of the original $26 million principal amount of the JGB Loan. The JGB Loan is secured by the Debtor's Beachfront Estate and the Adjacent Luxury Estate. As of the Petition Date, the Beachfront Estate had significantly increased in value during the life of the JGB Loan and was worth approximately $63 million.[2] There is substantial equity in the Property to support a standalone sale or refinancing.

**The Debtor Disputes the Excessive Amount JGB Claims it is Owed and the Amount Asserted by JGB is Being Challenged in this Bankruptcy Case and is Being Litigated on Appeal**

*The Pending Appeal*

6.  The total amount owed JGB is disputed, and an appeal is pending in state court regarding whether Debtor was provided an opportunity to dispute the amount due.[3] In that appeal, Debtor claims that it would have shown, among other things, that approximately $3.75 million was improperly included in the ultimate judgment: (i) an invalid excessive $2,000,000 Exit Fee that was only due if the loan was paid off, which it was not; (ii) late fees of $1,527,183, that were only due if JGB accepted a late payment, but none were accepted; and (iii) real estate taxes in the amount of $229,796.95 that were only delinquent, but not paid by JGB.

*JGB is Not Entitled to Unpaid Property Taxes, Unreasonable Attorneys' Fees and the Excessive Interest, Exit Charge and Late Charge*

7.  On September 19, 2022, JGB claimed it was owed the following:

| | |
|---|---|
| Principal | $26,000,000.00 |
| Interest | $10,161,668.00 |
| Interest Per Diem | $ 5,928,000.00 |

---

[2] A more recent appraisal reflects a value higher than $63 million. Thus, the Property's value continues to increase.

[3] *See* **Exhibit A** showing a notice of a hearing that never occurred and emails showing JGB's attorneys denying that a hearing would be held.

| | |
|---|---|
| Exit Charge | $2,000,000.00 |
| Late Fee | $1,527,183.00 |
| Taxes and Insurance | $328,420.51 |
| Legal and Misc | $1,002,720.23 |
| Total | $46,947,991.74 |

8.JGB is not entitled to recovery of property taxes that JGB has not paid. Suffolk County has filed a claim in this Court for payment of **$279,560.04** in property taxes, the same property taxes JGB claims it is owed.

9.JGB is also claiming **over $1 million in excessive legal and miscellaneous fees and expenses.** JGB is not entitled to unreasonable legal fees and expenses. The referee report did not allow attorneys' fees, plus JGB's staffing of 6 attorneys in this bankruptcy case is excessive and unreasonable. Accordingly, JGB's claim for attorneys' fees should be disallowed by the Court.

10.Further, under the documents evidencing the JGB Loan, including a forbearance agreement, JGB is seeking excessive interest ("*Excessive Interest Charg*es"), **including running up an asserted interest bill of $13,000 per day in this case which adds up to $450,000 per month**. In addition, JGB is seeking an exit charge ("*Exit Charge*") of **$2,000,0000**.

11.Numerous courts have invalidated similar excessive charges asserted by creditors. Default interest rate clauses in loan agreements are viewed as liquidated damages provisions.[4] New York law requires, among other things, that liquidated damages be "reasonable in light of the then anticipated harm caused by the default."[5] What is reasonable is determined by assessing what

---

[4] *See*, *e.g*., *Kimbrell Realty/Jeth Court, LLC v. Fed. Nat'l Mortgage Ass'n (In re Kimbrell Realty/Jeth Court, LLC)*, 483 B.R. 679 (Bankr. C.D. Ill. 2012).

[5] *See In re Republic Holdings Inc.,* 598 B.R. 118,131 (Bankr. S.D.N.Y. 2019) (internal quotation marks omitted).

the parties could estimate as a potential loss at the time the agreement was entered into rather than at the time of breach.[6] Further, an amount that is "plainly disproportionate to the probable loss" is an unenforceable penalty that violates New York public policy.[7]

12.     JGB has not provided evidence that the Exit Charge is related to JGB's anticipated loss under the loan, as required under applicable law.  Therefore, the Excessive Interest Charges and Exit Fee appear to be unenforceable penalties.

13.     Further, in the case of *In re 785 Partners LLC*, the bankruptcy court denied the secured lender a fee over and above default interest.[8] The court explained that Code Section 506(b) only allows for the recovery of "reasonable" fees.[9] Additionally, "'[t]he decisional law is uniform that over-secured creditors may receive payment of either default interest or late charges, but not both'… The reason is that the late fee and default interest are designed to compensate the lender for the same injury, and awarding both amounts to double recovery." [10]

14.     In addition, the ultimate owner and principal of the borrower Debtor is an individual and New York has capped the statutory rate of interest for individual consumer debt at 2 percent and corporate debt at 9 percent.  JGB's asserted interest rate is at 18 percent, well above the statutory rate.

15.     Lastly, in the stay relief litigation in this Court, JGB claimed that it was undersecured and therefore entitled to stay relief and/or dismissal.  JGB, by its own litigation position regarding value, has asserted it is not entitled to post-petition interest.  The law is clear — undersecured creditors are not entitled to post-petition interest.  *See, e.g.*, *In re S. Side H., LLC*,

---

[6] *See id*.

[7] *See id*. (internal quotation marks and citation omitted).

[8] 470 B.R. 126, 137 (Bankr. S.D.N.Y. 2012).

[9] *See id*.

[10] *See id*. (internal citations omitted).

474 B.R. 391, 413 (Bankr. E.D.N.Y. 2012) (stating that "Section 506(b) permits an oversecured creditor to receive post-petition interest and other charges, and generally prohibits an undersecured creditor from receiving these benefits. *See Timbers,* 484 U.S. at 379–82, 108 S.Ct. 626 (holding that an undersecured creditor is not entitled to interest on its claim for lost opportunity costs)").

### Orders Issued at the August 31, 2022 Contested Matters Hearing

16.   At the August 31, 2022 hearing on the Contested Matters, the Court approved the retention of Nest Seekers International as real estate broker to market the Debtor's property for sale and/or rental.  The Court also granted relief requested with respect to the Contested Matters.  Some of the requested relief was granted in part or conditionally.

17.   The Orders issued by the Court provide that by September 30, 2022, the Debtor must file a motion with the Court requesting a sale of the Debtor's Property for no less than $52 million or financing to take-out the JGB Loan for no less than $52 million.[11]  The Court did not explain how it determined the sale and refinancing (take-out) amount.

### CLARIFICATION AND/OR RECONSIDERATION OF COURT'S ORDERS

*JGB's Estimated Claim is Less than $52 Million*

18.   JGB's estimated allowed claim is less than $52 million.  Accordingly, the Debtor believes that the required take-out financing should be set at an amount equal to the estimated amount of the allowed claim on JGB's Loan.

19.   **JGB's Proof of Claim, filed on July 6, 2022, is in the amount of $43,943,271.51. And, again, most of the remaining prepetition debt is held by the Debtor's principal Louise Blouin.  Ms. Blouin's unsecured claim is over $10 million**.

20.   The Debtor therefore respectfully requests that the Court amend its Orders to clarify

---

[11] *See* Dkt. Nos. 104 and 105.

that the Debtor is only required to obtain take-out financing at an amount of no less than the estimated amount of JGB's allowed claim, which is substantially less than the $52 million required under the Court's Order.

21.     Debtor attempted to resolve this matter of the minimum loan amount, but it would have none of it, making this Motion necessary.

*The Suffolk County Records, Including Title, Are Down Due to a Cyber Attack*

22.     Earlier this month, a cyber-attack targeted the computer systems of several departments in Suffolk County, shutting down many government services, including records. Accordingly, parties that need access to title and other real property records, to-date, cannot access those records.  This has added an unexpected and controllable delay to the Debtor's refinancing and sale efforts as lenders and purchasers require title and other real property records to approve and close financing and purchases.  Because of parties' inability to access Suffolk County real property records, the Debtor is also requesting an extension of the November 9, 2022 deadline to close the refinancing and sale transactions contemplated under the Court's Orders.

23.     Lastly, the Debtor requests that if the Court requires a hearing on this Motion, that the Court schedule the hearing before the September 30, 2022 deadline to file a refinancing or sale motion.

## CONCLUSION

24.     Considering the foregoing, the Debtor respectfully requests that this Court reconsider and/or clarify the Orders issued at the August 31, 2022 hearing on the Contested Matters to provide and/or clarify that the take-out financing only be in an amount equal to the estimated amount of JGB's allowed claim, extend the November 9, 2022 deadline to close, and that the Court grant such other relief for the Debtor as deemed just and proper.

Dated:  September 22, 2022　　　　　　　　Respectfully submitted,

                                                      **SIMMONS LEGAL PLLC**

                                                     */s/ Camisha L. Simmons*

                                                     **Camisha L. Simmons**
                                                     **SIMMONS LEGAL PLLC**
                                                     1330 Avenue of the Americas, Suite 23A
                                                     New York, New York 10019
                                                     212.653.0667 (Telephone- New York)
                                                     214.643.6192 (Telephone- Dallas)
                                                     800.698.9913 (Facsimile)
                                                     Email:  camisha@simmonslegal.solutions

                                                     ***COUNSEL FOR DEBTOR***

**CERTIFICATE OF CONFERENCE**

The undersigned attorney hereby certifies that, on September 16, 2022, the undersigned conferred with Richard Kanowitz, counsel to JGB, regarding the relief requested in the Motion and Mr. Kanowitz did not agree that clarification or reconsideration of the Court's Orders was necessary.

/s/ *Camisha L. Simmons*
Camisha L. Simmons

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that, on September 22, 2022, a true and correct copy of the foregoing Motion was served electronically upon the counsel and parties of record through the Court's Electronic Case Filing System on those parties that have consented to such service.

/s/ *Camisha L. Simmons*
Camisha L. Simmons

## Exhibit A

**Referee Hearing Notice and Emails Showing JGB's Attorneys Denying a Hearing Was to Occur**

Case 8-22-70914-ast    Doc 109    Filed 09/22/22    Entered 09/22/22 17:27:57

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
------------------------------------------------------------x
                                                   :

JGB PARTNERS, LP, JGB CAPITAL, LP, JGB    :   Index No.: 623208/2019
(CAYMAN) ANCONA LTD., and JGB            :
PLYMOUTH ROCK LLC,                            :   **NOTICE OF HEARING**
                                                   :
                       Plaintiffs       :

         - against -                 :

BRICKCHURCH ENTERPRISES, INC.,         :
ABERDEEN ENTERPRISES, INC., NEW YORK :
STATE DEPARTMENT OF TAXATION AND    :
FINANCE, THE STATE OF NEW YORK, TOWN :
OF SOUTHAMPTON TOWN AND SCHOOL      :
TAX COLLECTOR, THE VILLAGE OF            :
SOUTHAMPTON VILLAGE TAX COLLECTOR, :
SUFFOLK COUNTY WATER AUTHORITY,     :
                                                 :
                     Defendants.    :
------------------------------------------------------------x

       **PLEASE TAKE NOTICE**, that the matters herein referred to Ann Cryan, Esq., Referee, by order dated June 1, 2021, will be brought on for hearing at the office of said Referee, located at 4 High Road, Hampton Bays, NY 11946-1630 on August 2, 2021 at 10:00 a.m. or at such other time and date as may be set by the Referee, no later than 21 days after the original notice date.

Dated: New York, New York
July 22, 2021

Yours etc.,

HAYNES AND BOONE, LLP

By: /s/ Leslie C. Thorne
Leslie C. Thorne
30 Rockefeller Plaza, 26th Floor
New York, NY 10112
Telephone: (214) 551-2792
leslie.thorne@haynesboone.com

*Attorneys for Plaintiffs*

TO: Ann Cryan, Esq., Referee
4 High Road
Hampton Bays, NY 11946-1630

Victoria R. Serigano
Schwartz Sladkus Reich Greenberg Atlas LLP
444 Madison Avenue
New York, New York 10022

Charles Wallshein
35 Pinelawn Road
Suite 106 E
Melville, New York 11747

| | |
|---|---|
| **From:** | Tori Castagnaro |
| **To:** | Tamika Hardy |
| **Cc:** | Thorne, Leslie; Charles H. Wallshein; Gloria Wallshein; Freyberg, Michael |
| **Subject:** | Re: BRICKCHURCH INDEX NO.: 623208/2019 |
| **Date:** | Saturday, July 31, 2021 12:29:58 PM |

**EXTERNAL:** Sent from outside haynes*boone*

Thank you for getting back to me on such short notice. Have a fantastic weekend.


On Jul 30, 2021, at 6:27 PM, Tamika Hardy <Tamika.Hardy@rivkin.com> wrote:


Hi All,

There is no hearing on Monday, August 2, 2021 was the deadline for the referee to issue her report. As noted by co-counsel, the report has been issued.

Thanks,
Tamika



**Please note to reduce the quantity of paper coming into our offices during the Coronavirus crisis when our staff is working remotely, we request that all communications with this office should be through electronic means. Your cooperation is appreciated.**


<imagea6f9f7.JPG>

## Tamika Hardy

Partner
926 RXR Plaza, Uniondale, NY 11556-0926
D 516.357.3316  T 516.357.3000  F 516.357.3333
Tamika.Hardy@rivkin.com
www.rivkinradler.com

<imagefd0570.PNG> <imagef2c1de.PNG>

**From:** Thorne, Leslie <Leslie.Thorne@haynesboone.com>
**Sent:** Friday, July 30, 2021 5:55 PM
**To:** Tori Castagnaro <paralegal@wallsheinlegal.com>; Charles H. Wallshein <cwallshein@wallsheinlegal.com>; Gloria Wallshein <gwallshein@wallsheinlegal.com>
**Cc:** Tamika Hardy <Tamika.Hardy@rivkin.com>; Freyberg, Michael <Michael.Freyberg@haynesboone.com>
**Subject:** [EXTERNAL] RE: BRICKCHURCH INDEX NO.: 623208/2019

Tori,

Copying local counsel to advise, but I do not anticipate that there will be a hearing on Monday. We did just receive the Referee's Report and will be filing a motion to confirm—likely next week.

Thanks,
Leslie


**Leslie C. Thorne**
Partner
(t) +1 212.835.4848

---

**From:** Tori Castagnaro <paralegal@wallsheinlegal.com>
**Sent:** Friday, July 30, 2021 4:42 PM
**To:** Thorne, Leslie <Leslie.Thorne@haynesboone.com>; Charles H. Wallshein <cwallshein@wallsheinlegal.com>; Gloria Wallshein <gwallshein@wallsheinlegal.com>; Tori Castagnaro <paralegal@wallsheinlegal.com>
**Subject:** Re: BRICKCHURCH INDEX NO.: 623208/2019

**EXTERNAL:** Sent from outside haynes*boone*

Good Afternoon,

Following up on the above email. I am in possession of the Notice of Hearing. Is this hearing still on for Monday August 2, 2021?

On Fri, Jul 30, 2021 at 5:13 PM Tori Castagnaro <paralegal@wallsheinlegal.com> wrote:

> Good Afternoon,
>
> We represent the defendant Brickchurch Enterprises in the above referenced action. I have marked on our calendar that we have an in person conference with the referee for this matter on Monday August 2nd 2021, but cannot seem to find the Notice that would have made me mark that on the calendar. Is your firm aware of this? or did I mark this by mistake? My apologies for any confusion, just need some clarification. Thank you!

--

Thank you,

Tori Castagnaro
Legal Assistant
**The Law Office of Charles Wallshein, PLLC**
35 Pinelawn Road, Suite 106E
Melville, New York 11747
Tel. 631-824-6555
Fax. 631-824-6558

--

Thank you,

Tori Castagnaro
Legal Assistant
**The Law Office of Charles Wallshein, PLLC**
35 Pinelawn Road, Suite 106E
Melville, New York 11747
Tel. 631-824-6555
Fax. 631-824-6558

CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential, may be privileged and should be read or retained only by the intended recipient. If you have received this transmission in error, please immediately notify the sender and delete it from your system.

NOTICE: This message may contain information that is confidential or privileged. If you are not the intended recipient, please advise the sender immediately and delete this message. See: http://www.rivkinradler.com/disclaimer-electronic-communications/ for further information on confidentiality.