**IN UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
**In re:**                                                    :
                                                              :   Chapter 11
**BRICKCHURCH ENTERPRISES, INC.,**                            :
                                                              :   Case No. 22-70914-ast
                                                              :
                        **Debtor.**                           :
                                                              :
                                                              :
---------------------------------------------------------------x

**NOTICE OF DEBTOR'S MOTION FOR ENTRY OF AN ORDER AUTHORIZING
CONFIDENTIAL LENDER INFORMATION TO BE FILED UNDER SEAL**

PLEASE TAKE NOTICE OF THE FOLLOWING:

Please take notice that on September 30, 2022, Brickchurch Enterprises, Inc., the above-captioned debtor and debtor in possession ("***Debtor***"), filed *Debtor's Motion for Entry of an Order Authorizing Confidential Lender Information to be Filed Under Seal*, which is annexed to this notice.

If any objections or responses to the Motion are filed, a hearing to consider the Motion shall be held virtually before the Honorable Alan S. Trust, Chief United States Bankruptcy Judge, United States Bankruptcy Court for the Eastern District of New York, Alfonse M. D'Amato Federal Courthouse, 290 Federal Plaza Central Islip, NY 11722, on **October 26, 2022 at 11:30 a.m.** **(prevailing Eastern Time),** or as soon as counsel may be heard.

Objections and responses, if any, to the relief sought in the Motion must be made in writing no later than **October 24, 2022 by 4:00 p.m. (prevailing Eastern Time)** (the "***Response Deadline***"), conform to the Federal Rules of Bankruptcy Procedure and the Local Rules for the United States Bankruptcy Court for the Eastern District of New York and be filed with the Bankruptcy Court and served so on (a) the Debtor, c/o BCI Management, 165 Broadway, 23rd Floor, New York, NY 10006; (b) counsel to the Debtor, Simmons Legal PLLC, 1330 Avenue of the Americas, Suite 23A New York, New York 10019 Attn: Camisha L. Simmons, Esq., email: camisha@simmonslegal.solutions; and (c) U.S. Department of Justice, Office of the U.S. Trustee,

Long Island Federal Courthouse, 560 Federal Plaza, Room 560, Central Islip, NY 11722-4437, Attn: William Birmingham, Esq., email: william.birmingham@usdoj.gov. Filing instructions may be found on the Court's website at https://www.nyeb.uscourts.gov/.

**PLEASE TAKE FURTHER NOTICE** that the Hearing will be conducted virtually. Any parties wishing to participate must do so by making arrangements with the Court. Instructions regarding hearings before the Court may be accessed on the Court's website at https://www.nyeb.uscourts.gov/content/chief-judge-alan-s-trust.

**PLEASE TAKE FURTHER NOTICE THAT** if no objections or responses are timely filed and served with respect to the Motion, the Debtor may, on or after the Response Deadline, submit to the Court an order substantially in the form of the proposed order annexed to the Motion, which order may be entered without further notice or opportunity to be heard.

Dated: September 30, 2022            Respectfully submitted,

                                      **SIMMONS LEGAL PLLC**

                                      */s/ Camisha L. Simmons*
                                      **Camisha L. Simmons**
                                      **SIMMONS LEGAL PLLC**
                                      1330 Avenue of the Americas, Suite 23A
                                      New York, New York 10019
                                      212.653.0667 (Telephone- New York)
                                      214.643.6192 (Telephone- Dallas)
                                      800.698.9913 (Facsimile)
                                      Email: camisha@simmonslegal.solutions

                                      ***COUNSEL FOR DEBTOR***

IN UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | : |
| | :    **Chapter 11** |
| **BRICKCHURCH ENTERPRISES, INC.,** | : |
| | :    **Case No. 22-70914-ast** |
| Debtor. | : |

### DEBTOR'S MOTION FOR ENTRY OF AN ORDER AUTHORIZING CONFIDENTIAL LENDER INFORMATION TO BE FILED UNDER SEAL

Brickchurch Enterprises, Inc. ("***Debtor***"), the debtor and debtor in possession in the above-captioned chapter 11 case, hereby submits this motion (the "***Motion***") to the Court, pursuant to Section 107(b) of Title 11 of the United States Code (the "***Bankruptcy Code***"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"), Rule 9018-1 of the Local Rules for the United States Bankruptcy Court for the Eastern District of New York (the "***Local Rules***"), for entry of an order (the "***Order***"), in the form attached hereto as **Exhibit A**, providing for the filing and maintaining under seal a redacted version of the Term Sheet for the Take-Out Financing of the JBG loan, such that the identity of the Lender is disclosed only to the attorneys of the parties, with the instruction to not reveal the identity of the Lender and to treat the identity of the Lender as "**Attorneys-Eyes Only**", and in support of this Motion, Debtor shows:

### JURISDICTION

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this proceeding and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested are 11 U.S.C. § 107(b), Bankruptcy Rule 9018, and Local Rule 9018-1.

## BACKGROUND AND GROUNDS FOR SEALING

3. The Debtor is the owner of the luxury residential estate (the "***Debtor's Beachfront Estate***" or "***Property***") located at 366 Gin Lane, Southampton, New York, 11968.

4. Adjacent to the Debtor's Beachfront Estate is another luxury estate located at 376 Gin Lane in Southampton (the "***Adjacent Estate***," and together with the ***"Property***," the "***Combined Properties***"). The Adjacent Estate is owned by non-debtor Aberdeen Enterprises, Inc. Both entities are owned by a company located in the British Virgin Islands.

5. Both the Debtor, along with the owner of the Adjacent Estate, prior to the Petition Date, entered into a loan transaction with JGB Partners, LP, JGB Capital, LP, JGB (Cayman) Ancona, Ltd., JGB Plymouth Rock, LLC (collectively, "***JGB***"), by which JGB lent to the Debtor and the Owner of the Adjacent Estate the sum of $26,000,000. The loan was secured by a Mortgage on the Combined Properties.

6. At the time of the origination of the loan with JGB, the combined value of the Combined Properties was in excess of $150,000,000. It was the Debtor and the Adjacent Property Owner's plan to pay back the JGB loan through the sales of the Combined Properties.

7. It is believed by Debtor, on the basis of information received during the course of discovery, that JGB, acting in concert with other individuals, entered into a plan to "kill" and destabilize the market for the properties, by announcing that the properties were not worth as much as Debtor believed (despite having an appraisal showing the value to be in excess of $150,000,000, and also contacting realtors for the purpose of defaming the properties and to solicit offers that were substantially below the actual value of the properties).

4

8. It is believed by Debtor, and on the basis of information received during the course of discovery, that it was JGB's plan to lower the value of the properties by killing the market, and to render for itself the equity between its loan balance and the value of the properties through a foreclosure sale.

9. It is believed on the basis of information received during the course of discovery, and on that basis asserted, that as a result of the mentioned conduct, Debtor was unable to obtain a fair market value for the properties; which led to the properties not being able to be sold and hence, a default on the payment obligations on the JGB loan.

10. Debtor believes that if the identity of the Lender is disclosed to JGB and its principals, the same pattern of conduct will be undertaken. That is, Debtor believes, given the information Debtor obtained through discovery and the past conduct of JGB, that JGB will contact directly or indirectly, the Lender for the purpose of convincing the Lender to withdraw its commitment to lend; and to therefore, impede the commercial pursuits of Debtor.

11. In the main, there is no reason for JGB to learn the identity of the Lender, at least, if at all, until after the Take-Out Financing closes. This is especially true here because JGB should only be concerned with being paid the full amount of its loan, which is what the proposed loan transaction will do.

**IDENTIFY OF PARTIES OTHER THAN THE MOVING PARTY THAT WILL HAVE ACCESS TO THE DOCUMENT SEALED; AND PROPOSED DURATION OF SEAL**

12. It is proposed that the parties' attorneys have access to the un-redacted document, with an Order instructing their attorneys to not disclose the name of the Lender until after the closing of the loan transaction. After the closing of the loan transaction, it is proposed that the document be re-filed in an un-redacted form.

## BASIS FOR RELIEF

13.     Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the authority to limit the disclosure of certain confidential information so as to protect parties from potential harm.  Section 107(b) provides, in relevant part:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may –
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or
>
> (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

11 U.S.C. §107(b).

14.     Bankruptcy Rule 9018 expands on the procedural aspects of the protection afforded by 11 U.S.C. §107(b), providing in relevant part that "[o]n motion, or on its own initiative, with or without notice, the court may make any order which justice requires (1) ***to protect the estate or any entity*** in respect of a trade secret or other confidential research, development, or commercial information. . ." Fed. R. Bankr. P. 9018 (emphasis added).

15.     Importantly, the protections afforded by Section 107(b) are not discretionary. Section 107(b) of the Bankruptcy Code provides that "on request of a party in interest, the bankruptcy court *shall* . . ." protect an entity with respect to the enumerated categories of confidential information. Accordingly, if the material sought to be protected satisfies one of the categories identified in Section 107(b), "the court is required to protect a requesting party and has no discretion to deny the application." *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir 1994); *see also In re Dana Corp.*, 412 B.R. 53, 58 (S.D.N.Y. 2008) (upholding § 107(b) seal on settlement agreements).  There is further no

requirement that the entity seeking such protection demonstrate good cause. *Orion*, 21 F.3d at 28.

16. Among the categories of information protected under Section 107(b) is confidential commercial information, which, while not defined by the Bankruptcy code, has been interpreted to include operational information that would cause "an unfair advantage to competitors." *In re El Toro Exterminator of Florida, Inc.*, 2006 WL 2882519, at *3 (Bankr. S.D. Fla. Jul. 6, 2006) (citation omitted).

17. **Because of the risk proposed in this Motion, this is the exact type of commercial information that is required to be sealed, such that the risk that JGB may interfere with the Lender to the detriment of Debtor can be minimized**. **If JGB interferes and thwarts the financing efforts, the Debtor's reorganization efforts and financial restructuring will be curtailed.  Further, JGB is a potential purchaser of the Debtor's Property.**

18. Bankruptcy courts have consistently found that confidential commercial information merits protection from public disclosure. *See Orion,* 21 F.3d 24 (sealing documents relating to confidential promotional agreement); *In re MF Global, Inc.,* 2012 WL 3260393 (Bankr. S.D.N.Y. Aug. 8, 2012) (sealing confidential list of exchange members); *In re EPIC Associates V*, 54 B.R. 445 (Bankr. E.D. Va. 1985) (sealing confidential information relating to mortgage backed securities held by debtor).

19. This relief is well within the Court's province. The protection of non-public, confidential commercial information is expressly contemplated by the plain language of Section 107(b), with no limitation as to the form of protection.

20. Attached hereto is a redacted copy of the Term Sheet and proposed order.

21. The un-redacted Term Sheet is being delivered to the Clerk's Office.

## NO PRIOR REQUEST

22. No prior motion for the relief requested herein has been made to this Court or any other court.

## CONCLUSION

WHEREFORE, the Debtor respectfully requests that the Court enter an order substantially in the form attached hereto as **Exhibit B** granting the Motion to Seal and authorize it to file the confidential lender information under seal, pursuant to section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018 and granting such other and further relief as is just and proper.

Dated: September 30, 2022                                Respectfully submitted,

                                                                               SIMMONS LEGAL PLLC

                                                                      */s/ Camisha L. Simmons*
                                                                      **Camisha L. Simmons**
                                                                      SIMMONS LEGAL PLLC
                                                                      1330 Avenue of the Americas, Suite 23A
                                                                      New York, New York 10019
                                                                      212.653.0667 (Telephone- New York)
                                                                      214.643.6192 (Telephone- Dallas)
                                                                      800.698.9913 (Facsimile)
                                                                      Email:  camisha@simmonslegal.solutions

                                                                      ***COUNSEL FOR DEBTOR***

**Exhibit A**

**Redacted Exit Financing Term Sheet**



**September 30, 2022**
**Binding Term Sheet**

| | |
|---|---|
| **Loan Amount:** | Total commitment up to $52,000,000 (fifty-two million dollars even) |
| **Use of Funds:** | DIP Financing |
| **Collateral:** | - 1st Mortgage on 366 Gin Lane, Southampton, NY 11968, cross-collateralized with a 2nd Mortgage on 376 Gin Lane, Southampton, NY 11968<br>- Pledge of equity in Borrowers<br>- Unlimited personal guarantee from Louise Blouin |
| **Funding Date:** | Subject to satisfaction of the Conditions Precedent and Bankruptcy Court approval of this proposed DIP Financing, Lender and Borrower agree to make reasonable efforts to effectuate a closing on or before November 9, 2022. |
| **Conditions Precedent:** | The below are conditions precedent to funding of the Loan Amount:<br>- Clean title on 366 Gin Lane and 376 Gin Lane.<br>- Receipt of a Bankruptcy Court order approving the loans that are the subject of this Term Sheet that is satisfactory to Lender in its sole and absolute discretion, including approval of the final loan documents. |
| **Borrowers:** | Brickchurch Enterprises, Inc.<br>Aberdeen Enterprises, Inc. |
| **Guarantor:** | Louise Blouin |
| **Loan Parties:** | The Borrowers and Guarantor are collectively referred to as the Loan Parties in this Term Sheet. |
| **Maturity:** | 6 months from the date of the Closing. |
| **Interest Rate:** | Ten percent (10%) per year, paid monthly in arrears. In the event of default or maturity, interest will increase to 24% per year. Late fees of 10% will be incurred upon any missed payment, including any missed balloon payment due at maturity or otherwise. |
| **Lockout:** | None. There is no pre-payment penalty. |

| | |
|---|---|
| **Interest Reserve:** | At Closing, the Lender will escrow an amount equal to the first 6 months of interest payments. |
| **Origination Fee:** | At Closing, the Lender will receive an origination fee equal to 9% of the Loan Amount. |
| **Administrative Deposit:** | At loan closing (via the closing statement), Borrower agrees to establish an administrative deposit in the amount of $25,000 to pay any expenses incurred by the Lender during the course of the loan term.  Any remaining balance will be returned to Borrower after the subject loan has been paid in full. |
| **Loan Costs:** | Borrower agrees to pay all loan closing costs, including but not limited to lender legal fees, title searches, survey and updates to 3rd party reports, and a $50,000 due diligence fee payable to ███████████.  If the loan does not close for any reason, other than a breach of this Term Sheet by Lender, the Loan Parties will remain jointly and severally liable for the payment to Lender of all such Loan Costs.  The Loan Parties stipulate that any such claim for Lender's Loan Costs will be entitled to be paid as an administrative priority claim in any applicable bankruptcy case. |
| **Confidentiality:** | Except to the extent required by law, and up until filing for Bankruptcy Court approval of the DIP Financing, the Loan Parties agree not to disclose, and/or to cause their respective officers, directors, employees, agents and affiliates not to disclose, the existence of this Term Sheet, any of the terms, conditions, fees and charges or other facts relating to the proposed Loan.  The provisions of this Section "Confidentiality" shall survive the expiration and termination of this Term Sheet. |

**SIGNED AND ACCEPTED,**

| **LENDER:** | **BORROWERS:** |
|---|---|
| ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ | **BRICKCHURCH ENTERPRISES, INC.** |
| a Delaware limited liability company | **ABERDEEN ENTERPRISES, INC.** |



By:
Name:
Title:
Email:
Address:
City, State:
Phone:

**GUARANTOR:**

By:
Name:        Louise Blouin





**Exhibit B**

**Proposed Order**

IN UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NEW YORK

---

**In re:**

**BRICKCHURCH ENTERPRISES, INC.,**

**Debtor.**

Chapter 11

Case No. 22-70914-ast

---

### ORDER GRANTING MOTION TO SEAL

This matter coming before the Court upon the motion, dated September 30, 2022 (the "***Motion to Seal***"), for entry of an order (i) allowing the Debtor to file and disclose under seal confidential lender information pursuant to section 107(b) of title 11 of the United States Code (the "***Bankruptcy Code***") and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"); and the Court having reviewed the Motion to Seal and finding that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157, (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b), and (iii) notice of the Motion to Seal was sufficient under the circumstances; and the Court having determined that the legal and factual bases set forth in the Motion to Seal establish good cause for the relief granted herein;

IT IS HEREBY ORDERED THAT:

1. The Motion to Seal is GRANTED as set forth herein.

2. The Debtor is authorized to file and disclose the identity of the Lender under seal pursuant to section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018.

3. Debtor shall only disclose the identity of the Lender to the attorneys of parties-in-interest which request disclosure, with the instruction to not reveal the identity of the Lender and to treat the identity of the Lender as "**Attorneys-Eyes Only**" and confidential.

4. The parties that are provided the identity of the Lender may not disclose the identity of the Lender until after the closing of the subject loan transaction.

5. After the closing of the loan transaction, the Debtor shall file the un-redacted form of the Term Sheet with the Lender information identified.

6. This Court shall retain jurisdiction to resolve all matters relating to, or arising in connection with, the interpretation and/or implementation of this Order.

_____, 2022

_____
THE HONORABLE ALAN S. TRUST
CHIEF UNITED STATES BANKRUPTCY JUDGE