NEW YORK
LONDON
SINGAPORE
PHILADELPHIA
CHICAGO
WASHINGTON, DC
SAN FRANCISCO
SILICON VALLEY
SAN DIEGO
LOS ANGELES
BOSTON
HOUSTON
DALLAS
FORT WORTH
AUSTIN



*FIRM and AFFILIATE OFFICES*

BRETT L. MESSINGER
DIRECT DIAL: +1 215 979 1508
PERSONAL FAX: +1 215 689 4903
*E-MAIL:* BLMessinger@duanemorris.com

*www.duanemorris.com*

HANOI
HO CHI MINH CITY
SHANGHAI
ATLANTA
BALTIMORE
WILMINGTON
MIAMI
BOCA RATON
PITTSBURGH
NEWARK
LAS VEGAS
CHERRY HILL
LAKE TAHOE
MYANMAR

ALLIANCES IN MEXICO

December 5, 2022

VIA ECF AND EMAIL

Hon. Alan S. Trust
Chief Bankruptcy Judge
United States Bankruptcy Court for the
Eastern District of New York
Alfonse M. D'Amato Federal Courthouse
290 Federal Plaza
Central Islip, New York 11722

      **Re:**    In Re Brickchurch Enterprises, Inc., Chapter 11, Case No. 22-70914

Dear Judge Trust:

      This firm acts for Debtor Brickchurch Enterprises, Inc. (the "***Debtor***") in the above referenced chapter 11 case. On November 30, 2022, the parties attended a hearing relating to the Motion of Debtor for an Order Striking, Voiding and Avoiding Lien Filed in Violation of the Automatic Stay (11 U.S.C. § 362(k)) and for Sanctions [Dkt. No. 168] (the ***"Motion").*** It was agreed that the Federal Tax Liens as it relates to the Debtor's property would be withdrawn. The Court directed the Debtor and Internal Revenue Service ("***IRS***") to submit a joint Stipulation and Proposed Order, and to the extent the parties could not agree on such a Stipulation and Proposed Order, to set forth where the parties agree, and to set forth differing language for any part that the parties could not agree.

      Since the time just after the hearing, I have engaged with the IRS to come to an agreed-upon order, but the IRS has disrupted this process by attempting to add to the Proposed Order language that is wholly outside of the bounds of the Motion. For example, the IRS went so far as to attempt to put in the Proposed Order language that required Ms. Blouin to pay the Federal Tax Liens, despite her dispute that they were not properly imposed. Although the IRS eventually backed off this position, I mention it only to explain the difficulties the Debtor has with the IRS to mutually agree to language in the Proposed Order.

**DuaneMorris**

From Debtor's perspective, there was only one issue presented to the Court, and that is, whether the Federal Tax Liens should be withdrawn and stricken from the record. The IRS has agreed in its Response to the Motion that the Federal Tax Liens should be withdrawn. There was a secondary issue that arose during the hearing, and that is whether Louise Blouin would be distributed money from the Bay Point financing. Because of the concern of the IRS and because this Court made plain that it was not the contemplation of the DIP financing order (ECF No. 172) ("***DIP Order***") to allow any money to flow to Louise Blouin, we put language in the Proposed Order to make plain that Louise Blouin is not receiving any of the Bay Point loan proceeds. However, there still remains a dispute between Debtor and the IRS regarding language of paragraph 5.

Debtor proposes the following version of paragraph 5:

> 5. The Parties further agree that Ms. Blouin shall not receive any of the DIP loan proceeds (ECF No. 172), except upon order of court entered upon motion, duly noticed to the IRS and Bay Point Capital Partners II, LP.; *provided, however,* that nothing contained herein shall alter or otherwise amend the DIP Order or the terms thereof.

The IRS proposes the following version (note underlines and strike-outs):

> 5. The Parties further agree that Ms. Blouin shall not receive, <u>directly or indirectly</u>, any of the DIP loan proceeds (ECF No. 172), except upon order of court entered upon motion, duly noticed to the IRS and Bay Point Capital Partners II, LP.~~.; *provided, however,* that nothing contained herein shall alter or otherwise amend the DIP Order or the terms thereof.~~

The reason why the IRS's provision cannot stand was best stated by Bay Point's counsel, John Allerding, which both confirmed that no money is being paid to Ms. Blouin, and also that including the proviso "directly or indirectly" provides uncertainty regarding the payment of funds and by removing the "*provided, however,*" language ran the risk of altering the terms of the DIP Order approved and entered by the Court. Mr. Allerding wrote:

> "Following-up on the below, I can confirm that Bay Point will not permit the borrowers to make dividends up the corporate ladder to Louise from the DIP Loan proceeds. I don't think the Bankruptcy Code permits that in any event – and the Judge was crystal clear that the DIP Order doesn't permit it. However, the DIP Order permits various payments to be made and those payments may indirectly benefit Louise in one way or the other – i.e., whether she is jointly liable on a debt with the Borrowers or as a shareholder at

Hon. Alan S. Trust
December 5, 2022
Page 3

DuaneMorris

> the top of the corporate ladder. The purpose of those payments is to protect and preserve our collateral and those payments were already approved pursuant to the DIP Order."

      In the main, the Proposed Order attached here mirrors the relief agreed to by the IRS, and the intent of the Court regarding the restriction against distribution of any of the proceeds to Ms. Blouin. Accordingly, Debtor requests the attached Proposed Order be approved, signed, issued and entered by the Court. We are scheduled to close no later than Wednesday, December 7, 2022, so we would be grateful for the Court's immediate attention. For the Court's reference, I have also attached the email exchange with the IRS, along with the last redline version of the Stipulation exchanged so the Court can confirm that Order is consistent therewith.

                                      Very truly yours,

                                      /s/ Brett L. Messinger

                                      Brett L. Messinger

BLM
Enclosure

cc:    John Allerding, Esquire
       Edward Murphy, AUSA