**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>**BRICKCHURCH ENTERPRISES, INC.,**<br><br>Debtor. | Chapter 11<br><br>Case No. 22-70914-ast |

**STIPULATION AND PROPOSED ORDER RESOLVING DEBTOR'S MOTION FOR ENTRY OF AN ORDER STRIKING, VOIDING AND AVOIDING LIEN FILED IN VIOLATION OF THE AUTOMATIC STAY (11 U.S.C. § 362(k)) AND FOR SANCTIONS (DOC. NO. 168)**

**IT IS HEREBY STIPULATED AND AGREED**, by and among Debtor Brickchurch Enterprises, Inc. ("***Debtor***") and the United States of America, Internal Revenue Service ("***IRS***", collectively with Debtor, the ***"Parties"),*** as follows:

1. The IRS will promptly withdraw, pursuant to 26 U.S.C. § 6323(j), the four Notices of Federal Tax Liens filed with the Suffolk County Clerk on August 17, 2022 against the Debtor as Nominee of Louise T. Blouin, in regard to the trust fund recovery penalties assessed against Louise T. Blouin pursuant to 26 U.S.C. § 6672 for numerous quarterly tax periods from 2010 through 2017. The four Notices of Federal Tax Liens affected by this paragraph are in the following stated amounts and have the following recording numbers: (i) $1,298,263.09 – SEQ # LFED00034064; (ii) $1,697,948.23 - SEQ # LFED00034062; (iii) $1,844,814.71 - SEQ # LFED00034060; and (iv) $429,990.772 - SEQ # LFED00034058.  The Notices of Federal Tax Liens are being voluntarily withdrawn in order to avoid any allegations that the filing violated the automatic stay under 11 U.S.C. § 362 in this bankruptcy case, and the withdrawal is without prejudice; furthermore, the withdrawal is not a waiver of any rights or any arguments that Brickchurch Enterprises, Inc. is the nominee or alter ego of Louise T. Blouin.

2. Debtor may file a copy of this Order in the real property records and with the Clerk's Office of Suffolk County, New York, to document the withdrawal of the Notices of Federal Tax Liens pursuant to 26 U.S.C. § 6323(j) as set forth above.

3. Debtor and IRS agree that upon withdrawal of the four Notices of Federal Tax Liens as set forth above, the *Debtor's Motion for Entry of an Order Striking, Voiding and Avoiding Lien Filed in Violation of Automatic Stay (11 U.S.C. § 362(k)) and For Sanctions* [Dkt. No. 168] (the "Motion") is withdrawn. The IRS is not required to take any action with respect to the other Notices of Federal Tax Lien identified in the Motion.

4. Nothing herein waives any right that Ms. Blouin may have to dispute that she is liable for the trust fund recovery penalties.

5. The Parties further agree that Ms. Blouin shall not receive any of the DIP loan proceeds (ECF No. 172), except upon order of court entered upon motion, duly noticed to the IRS and Bay Point Capital Partners II, LP; *provided, however,* that nothing contained herein shall alter or otherwise amend the DIP Order or the terms thereof.

**DUANE MORRIS LLP**

_____
By:  Brett L. Messinger
1540 Broadway
New York, NY 10036
blmessinger@duanemorris.com
215.979.1508
Attorneys for Debtor

**INTERNAL REVENUE SERVICE**

_____
By:  Edward J. Murphy
U.S. Department of Justice, Tax Division
P.O. Box 55
Washington, DC 20044
202-307-6064
edward.j.murphy@usdoj.gov
Attorneys for the Internal Revenue Service

SO ORDERED:

_____
Alan S. Trust, Chief Bankruptcy Judge

DM1\13673437.2

---

- Deleted: in this paragraph
- Deleted: [LANGUAGE PROPOSED BY DEBTOR]: The Parties agree that distribution of the DIP loan proceeds will only be in accordance with the DIP Order (ECF Doc. 172).
- Deleted: , directly or indirectly,
- Deleted:
- Deleted: from the loan
- Deleted: 5.   [LANGUAGE PROPOSED BY IRS]: The Parties agree that no property of the estate and none of the proceeds of any loan secured by property of the estate (including the proceeds of the DIP loan, ECF Doc. No. 172) will be paid to Louise T. Blouin or on account of her claims unless and until (a) the section 6672 debts of Ms. Blouin have been fully satisfied, (b) the IRS expressly consents to such payment in writing, or (c) the Court expressly orders otherwise in the future upon motion, duly noticed to the IRS and Bay Point Capital Partners II, LP.
- Deleted: ¶ This Stipulation has been signed and consented to by the Parties. The Parties to this Stipulation hereby agree that the terms and provisions of this Stipulation are effective and enforceable upon execution by the Parties without the Bankruptcy Court "So Ordering" this Stipulation.
- Deleted: ¶
- Formatted: Indent: Left: 0", First line: 0.5"