**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>**BRICKCHURCH ENTERPRISES, INC.,**<br><br>Debtor. | Chapter 11<br><br>Case No. 22-70914-ast |

## STIPULATION OF EXTENSION OF TIME TO CLOSE ON POST-PETITION SECURED FINANCING

**IT IS HEREBY STIPULATED AND AGREED**, by and among the parties set forth below, as follows:

1. Debtor and debtor in possession Brickchurch Enterprises, Inc., Aberdeen Enterprises, Inc., Aberdeen Enterprises Holdings (BVI) Ltd., Aberdeen Enterprises (BVI) Ltd., Brickchurch Enterprises (BVI) Ltd., Louise Blouin, Mathew Kabatoff, post-petition lender Bay Point Capital Partners II, LP, and prepetition secured lender JGB Partners, LP; JGB Capital, LP; JGB (Cayman) Ancona Ltd.; and JGB Plymouth Rock LLC (the "*Parties*") that are parties, signatories to or guarantors, affiliates and/or equity holders of the parties to the *Order (I) Authorizing Debtor to Obtain Post-Petition Secured Financing Pursuant to 11 U.S.C. §§ 105, 361, 362 and 364, and (II) Granting Liens and Super-Priority Claims* [Dkt. No. 172] ("***DIP Financing Order***") and/or DIP Loan Agreement[1] agree to the following:

2. The Parties hereby agree that the original DIP Facility closing deadline (the "***Closing Deadline***") of November 30, 2022 (and extended to December 7, 2022) provided for under the DIP Financing Order and the *Order Granting Debtor's Motion for Order Authorizing Payment of the Undisputed Secured Claim Amount Asserted by Debtor's Prepetition Secured*

---

[1] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the DIP Financing Order.

1

*Lender* [Dkt. No. 170] (the "*Payoff Order*") and any and all other orders and rulings of the Court is hereby extended by this Stipulation to and including December 9, 2022.

3. Notwithstanding any provision in this Stipulation to the contrary, this Stipulation only extends the Closing Deadline and all other agreements amongst the Parties and provisions of the DIP Financing Order, Payoff Order and other rulings and orders of the Court remain unaltered and in full force and effect.

4. The undersigned hereby represent and warrant that they have full authority to execute this Stipulation on behalf of the respective Parties and that the respective Parties have full knowledge of, and have consented to, this Stipulation.

5. This Stipulation shall be binding upon all successors and assigns of each of the Parties to the Stipulation.

6. Neither this Stipulation, nor the settlements provided for herein or in the DIP Financing Order, nor any statement made, action or position taken, or document prepared or executed in connection with the negotiation, execution or implementation of this Stipulation and the compromise and settlement of claims provided for herein or in the DIP Financing Order shall be deemed to be, or construed as, an admission by any of the Parties of any liability, wrongdoing, act or matter or that any claim or defense has or lacks merit.

7. This Stipulation comprises the entire agreement between the Parties and supersedes all prior agreements and understandings, both written and oral, between the Parties in respect of the subject matter hereof.

8. This Stipulation shall not be modified, altered, amended or vacated without written consent of the Parties hereto. Oral modifications are not permitted.

9. This Stipulation shall not be construed against the Party preparing it, but shall be construed as if all Parties jointly prepared it and any uncertainty or ambiguity shall not be interpreted against any Party.

10. Each of the Parties agrees to submit to the exclusive jurisdiction of the United States Bankruptcy Court for the Eastern District of New York ("**Bankruptcy Court**") for any action to enforce or interpret this Stipulation. Any request for relief brought before the Bankruptcy Court to resolve a dispute arising from or related to this Stipulation shall be brought on proper notice and in accordance with relevant Federal Rules of Bankruptcy Practice and Procedure and Local Bankruptcy Rules.

11. This Stipulation may be executed in counterparts, each of which will be deemed an original, but all of which together will constitute one and the same agreement. Signatures to this Stipulation transmitted by facsimile transmission, by electronic mail in "portable document format" (".pdf") form, or by any other electronic means intended to preserve the original graphic and pictorial appearance of a document, will have the same effect as physical delivery of the paper document bearing the original signature.

12. This Stipulation has been signed and consented to by the Parties. The Parties to this Stipulation hereby agree that the terms and provisions of this Stipulation are effective and enforceable without the Bankruptcy Court "So Ordering" this Stipulation.

13. Notwithstanding the possible applicability of Federal Rule of Bankruptcy Procedure 6004(h) or otherwise, this Stipulation, and the obligations of the Parties hereunder, shall be in full force and effect upon execution by the Parties.

14. The Bankruptcy Court shall retain jurisdiction with respect to all matters arising from or related to the enforcement, interpretation and implementation of this Agreement.

[*Signature Pages Follow*]

**IN WITNESS WHEREOF** and in agreement herewith the Parties have executed and delivered this Stipulation as of the date first set forth above.

| | |
|---|---|
| **DUANE MORRIS LLP** | **THOMPSON HINE LLP** |
| /s/ Brett L. Messinger | /s/ John C. Allerding |
| Brett L. Messinger | John C. Allerding |
| Attorneys for Debtor Brickchurch Enterprises, Inc., Aberdeen Enterprises, Inc., Louise Blouin, and Mathew Kabatoff | Attorneys for Bay Point Capital Partners II, LP |

**HAYNES BOONE**

/s/ Richard Kanowitz
Richard Kanowitz
Greg Kramer
Attorneys for JGB Partners LP, JGB Capital LP, JGB (Cayman) Ancona Ltd., and JGB Plymouth Rock LLC

Dated: December 9, 2022
      Central Islip, New York



_____
Alan S. Trust
Chief United States Bankruptcy Judge

4