**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>BRICKCHURCH ENTERPRISES, INC.,<br><br>               Debtor. | Chapter 11<br><br>Case No. 8-22-70914-ast<br><br>Judge Alan S. Trust |

**NOTICE OF FIRST INTERIM FEE APPLICATION OF DUANE MORRIS
LLP AS SPECIAL LITIGATION COUNSEL TO THE DEBTOR FOR THE
ALLOWANCE AND PAYMENT OF COMPENSATION FOR SERVICES AND
REIMBURSEMENT OF EXPENSES FOR THE PERIOD BEGINNING
<u>SEPTEMBER 1, 2022, THROUGH AND INCLUDING DECEMBER 16, 2022</u>**

**PLEASE TAKE NOTICE** that the following appended application was filed on Thursday, January 5, 2023:

- First Interim Fee Application of Duane Morris LLP as Special Litigation Counsel to the Debtor for the Allowance and Payment of Compensation for Services and Reimbursement of Expenses for the Period Beginning September 1, 2022, Through and Including December 16, 2022 ("<u>Application</u>").

**PLEASE TAKE FURTHER NOTICE** that a hearing to consider the Application shall be conducted before the Honorable Alan S. Trust, Chief U.S. Bankruptcy Judge, U.S. Bankruptcy Court for the Eastern District of New York ("<u>Court</u>"), Alfonse M. D'Amato Federal Courthouse, 290 Federal Plaza, Central Islip, NY 11722, on **January 25, 2023, at 11:00 a.m. ET**.[1]

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the relief sought in the Application must be made in writing no later than January 24, 2023, at 4:00 p.m. ET (the "<u>Response Deadline</u>"), and conform to the Federal Rules of Bankruptcy Procedure and the Local Rules for the Court and be filed with the Court and served so as to be actually received by the undersigned special litigation counsel to the Debtor, Duane Morris LLP, 1540 Broadway, New

---

[1] At a prior hearing on December 12, 2022, the Court orally advised that it would hear the Application on January 25, 2023, at 11:00 a.m. to the extent filed on or before January 6, 2023.

York, NY 10034; Attn: Brett L. Messinger; email: blmessinger@duanemorris.com. Filing instructions may be found on the Court's website at https://www.nyeb.uscourts.gov.

**PLEASE TAKE FURTHER NOTICE** that the hearing will be conducted virtually. Any parties wishing to participate must do so by making arrangements with the Court. Instructions regarding hearings before the Court may be accessed on the Court's website at https://www.nyeb.uscourts.gov/content/chief-judge-alan-s-trust.

**PLEASE TAKE FURTHER NOTICE** that if no objections or responses are timely filed and served with respect to the Application, Duane Morris LLP may, on or after the Response Deadline, submit to the Court an order substantially in the form of the proposed order attached as Exhibit B to the Application, which order may be entered without further notice or opportunity to be heard.

Dated: January 5, 2023                              Respectfully submitted,

                                                    **DUANE MORRIS LLP**

                                                    /s/ *Brett L. Messinger*_____
                                                    Brett L. Messinger
                                                    1540 Broadway
                                                    New York, NY 10036
                                                    Tel.: 215.979.1508
                                                    Email: blmessinger@duanemorris.com

                                                    ***SPECIAL LITIGATION COUNSEL***
                                                    ***FOR THE DEBTOR***

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>BRICKCHURCH ENTERPRISES, INC.,<br><br><div align=center>Debtor.</div> | Chapter 11<br><br>Case No. 8-22-70914-ast<br><br>Judge Alan S. Trust |

**FIRST INTERIM FEE APPLICATION OF DUANE MORRIS LLP AS
SPECIAL LITIGATION COUNSEL TO THE DEBTOR FOR THE
ALLOWANCE AND PAYMENT OF COMPENSATION FOR SERVICES AND
REIMBURSEMENT OF EXPENSES FOR THE PERIOD BEGINNING
<u>SEPTEMBER 1, 2022, THROUGH AND INCLUDING DECEMBER 16, 2022</u>**

| | |
|---|---|
| Name of Applicant: | Duane Morris LLP |
| Authorized to Provide Professional<br>Services to: | Debtor and Debtor in Possession |
| Date of Retention: | November 16, 2022, *nunc pro tunc* to<br>September 1, 2022 |
| Period for Which Compensation<br>and Reimbursement Is Sought: | September 1, 2022, through and including<br>December 16, 2022 |
| Amount of Compensation Sought as<br>Actual, Reasonable, and Necessary: | **$290,850.00** |
| Amount of Expense Reimbursement<br>Sought as Actual, Reasonable, and<br>Necessary: | **$4,679.93** |

This is a(n): ☐ Monthly  ☑ Interim  ☐ Final application**.**

## PRIOR APPLICATION HISTORY

| | | | Requested | | Approved | | Order Approving |
|---|---|---|---|---|---|---|---|
| Application | Date Filed | Period Covered | Fees | Expenses | Fees | Expenses | |
| | | | | | | | |
| | | | | | | | |
| | | Totals: | $0.00 | $0.00 | $0.00 | $0.00 | |

**SUMMARY OF PROFESSIONALS AND PARAPROFESSIONALS
RENDERING SERVICES FOR THE PERIOD BEGINNING SEPTEMBER 1,
2022, THROUGH AND INCLUDING DECEMBER 16, 2022**[2]

| Name of Professional | Date of Bar Admission | Hourly Billing Rate | Total Billed Hours | Total Fees |
|---|---|---|---|---|
| Thomas W. Ostrander | 10/20/1978 (PA) | $850.00 | 8.8 | $7,480.00 |
| Brett L. Messinger | 12/3/1991 (PA)<br>12/19/1991 (NJ)<br>8/21/2001 (NY) | $850.00 | 209.3 | $177,905.00 |
| Hernan Gonzalez Moneta | 4/22/2019 (NY)<br>(also barred in Mexico) | $700.00 | 1.0 | $700.00 |
| Morris S. Bauer | 3/22/1989 (NY)<br>12/20/1990 (NJ)<br>6/25/2008 (PA) | $670.00 | 24.9 | $16,683.00 |
| Ying Katie Wang | 5/30/2019 (NY) | $600.00 | 77.5 | $46,500.00 |
| Brian J. Slipakoff | 7/23/2004 (NJ)<br>9/15/2022 (NY) | $700.00 | 19.5 | $13,650.00 |
| Elizabeth M. Lacombe | 5/16/2008 (CT)<br>7/14/2010 (NH)<br>5/25/2010 (ME)<br>10/19/2016 (VT) | $710.00 | 4.5 | $3,195.00 |
| Vishal J. Dobaria | 11/7/2011 (PA)<br>12/2/2011 (NJ) | $490.00 | 2.6 | $1,274.00 |
| George W. Fitting | 10/13/2017 (PA) | $300.00 | 11.6 | $3,480.00 |
| Marianne S. Repetto | 1/13/2014 (NY) | $490.00 | 36.5 | $17,885.00 |
| Onika D. McLean | N/A (paralegal) | $300.00 | 0.3 | $90.00 |
| Ashley M. Carrington | N/A (paralegal) | $295.00 | 3.1 | $914.50 |
| Maura E. Hutchinson | N/A (paralegal) | $300.00 | 0.2 | $60.00 |
| Joseph N. Lagalante, Jr. | N/A (paralegal) | $270.00 | 0.8 | $216.00 |
| Cate Nash | N/A (reference desk mgr.) | $300.00 | 0.5 | $150.00 |
| Rodney N. Anello | N/A (tax accountant) | $375.00 | 0.3 | $112.50 |
| Jeffrey A. Hayes | N/A (court clerk/library asst.) | $185.00 | 3.0 | $555.00 |
| | **TOTAL** | | 404.4 | $290,850.00 |
| | **Attorney Blended Rate** | $728.80 | | |

---

[2] As a courtesy to the Debtor, Duane Morris wrote down and seeks no compensation from the Debtor for the hours worked by two paralegals, Joel Wittlin and Alfred Knapp.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>BRICKCHURCH ENTERPRISES, INC.,<br><br>                        Debtor. | Chapter 11<br><br>Case No. 8-22-70914-ast<br><br>Judge Alan S. Trust |

**FIRST INTERIM FEE APPLICATION OF DUANE MORRIS LLP AS SPECIAL
LITIGATION COUNSEL TO THE DEBTOR FOR THE ALLOWANCE AND
PAYMENT OF COMPENSATION FOR SERVICES AND REIMBURSEMENT
OF EXPENSES FOR THE PERIOD BEGINNING SEPTEMBER 1, 2022,
THROUGH AND INCLUDING DECEMBER 16, 2022**

Duane Morris LLP ("Duane Morris"), special litigation counsel to Brickchurch Enterprises, Inc. ("Debtor"), the debtor in the above-captioned chapter 11 proceedings ("Bankruptcy Case"), respectfully submits this first interim application ("Application") for the allowance and payment of compensation for services and reimbursement of expenses for the period beginning September 1, 2022, through and including December 16, 2022 ("Fee Period"), pursuant to (i) sections 330(a) and 331 of title 11 of the U.S. Code, 11 U.S.C. §§ 101–1532 ("Bankruptcy Code"); (ii) Rule 2016 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"); (iii) Local Rule 2016-1 of the Local Bankruptcy Rules for the Eastern District of New York ("Local Rules"); (iv) General Order 613, *In re Guidelines for Fees & Disbursements for Pros. in E. Dist. of N.Y. Bankr. Cases* (Bankr. E.D.N.Y. June 4, 2013) ("General Order 613"); and (v) the *Order Pursuant to Sections 327(e) and 328 of the Bankruptcy Code, Federal Rule of Bankruptcy Procedure 2014(a), and Local Bankruptcy Rule 2014-1 for Authority to Retain and Employ Duane Morris LLP as Special Litigation Counsel* [Dkt. No. 173] ("Retention Order"). A true and correct copy of the Retention Order is attached hereto as **Exhibit A**. By this Application, Duane Morris seeks allowance and payment of compensation for services in the amount of $290,850.00 and reimbursement of expenses in the amount of

$4,679.93 for the Fee Period.  In support of this Application, Duane Morris respectfully states as follows:

## JURISDICTION, VENUE, AND STATUTORY PREDICATES

1.     The Court has jurisdiction to enter a final order resolving this Application pursuant to 28 U.S.C. §§ 157(a) and 1334 and the *Order* issued by the U.S. District Court for the Eastern District of New York on December 5, 2012, *In re The Referral of Matters to the Bankr. Judges*.

2.     This is a core proceeding within the meaning 28 U.S.C. § 157(b)(2).

3.     Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408–09.

4.     The Court may grant the requested relief under sections 330(a) and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, Local Rule 2016-1, General Order 613, and the Retention Order.

## RELEVANT FACTUAL BACKGROUND

5.     On April 30, 2022, the Debtor commenced the Bankruptcy Case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

6.     The Debtor continues to operate as a debtor in possession under sections 1107–08 of the Bankruptcy Code.  No trustee or examiner has been appointed.

7.     On September 22, 2022, the Debtor filed the *Application of the Debtor Pursuant to Sections 327(e) and 328 of the Bankruptcy Code, Federal Rule of Bankruptcy Procedure 2014(a), and Local Bankruptcy Rule 2014-1 for Authority to Retain and Employ Duane Morris LLP as Special Litigation Counsel* [Dkt. No. 108] ("Retention Application"), seeking authority for Duane Morris to continue providing the services described in paragraph 11 therein and any related services to the Debtor as special litigation counsel.

8.      On September 30, 2022, the Debtor filed the *Motion of the Debtor for Entry of an Order Approving the Debtor's Entry into Exit Financing Commitment* ("DIP Motion") [Dkt. No. 115].

9.      On November 16, 2022, the Court entered the Retention Order, approving the Debtor's retention and employment of Duane Morris as special litigation counsel *nunc pro tunc* to September 1, 2022.

10.     Also on November 16, 2022, the Court entered the *Order (I) Authorizing Debtor to Obtain Post-Petition Secured Financing Pursuant to 11 U.S.C. §§ 105, 361, 362 and 364, and (II) Granting Liens and Super-Priority Claims* [Dkt. No. 172] ("DIP Order"), authorizing the Debtor to borrower under and pursuant to the terms of the DIP Facility (as defined therein).

## RELIEF REQUESTED

8.      By this Application, Duane Morris seeks the entry of an order, substantially in the form attached hereto as **Exhibit B** ("Proposed Order"), allowing the payment of interim compensation for professional services rendered to the Debtor during the Fee Period in the amount of $290,850.00 and reimbursement of expenses incurred during the Fee Period in the amount of $4,679.93.  During the Fee Period, Duane Morris attorneys and paraprofessionals expended a total of 404.4 hours for which compensation is sought.

9.      The fees charged by Duane Morris in the Bankruptcy Case are billed in accordance with Duane Morris's existing billing rates and procedures in effect during the Fee Period.  The rates Duane Morris charges for the services rendered by its professionals and paraprofessionals in the Bankruptcy Case are the same rates that Duane Morris charges for professional and paraprofessional services rendered in comparable non-bankruptcy related matters.  Such fees are reasonable based on the customary compensation charged by

comparably skilled practitioners in comparable non-bankruptcy cases in a competitive national legal market.

10.     A detailed itemization of the services performed and time spent and the actual out-of-pocket costs and expenses incurred by Duane Morris in connection with its representation of the Debtor during the Fee Period is provided in the time and disbursement records attached hereto as **Exhibit C**.  Such records are made contemporaneously with the rendition of services by the person rendering such services and in the ordinary course of Duane Morris's billing practices.

11.     All services performed and expenses incurred by Duane Morris for which compensation or reimbursement is requested herein were performed or incurred for and on behalf of the Debtor.

12.     It should be noted that all of the services rendered were for the benefit of the Debtor, but some of which were intertwined with rendering of services to the sister company of Debtor, called Aberdeen Enterprises, Inc., which owns real property located at 376 Gin Ln., Southampton, NY 11968 ("Aberdeen Property") that adjoins the Debtor's real property located at 366 Gin Ln., Southampton, NY 11968 ("Brickchurch Property," and together with the Aberdeen Property, "Property"), and which Property makes up a single residential compound. The Debtor and Aberdeen Enterprises, Inc., were both mortgagors on the loan that was in default and which lead Debtor to file this Bankruptcy Case.  The DIP Facility has been funded, and there is held in Duane Morris's client trust account the sum of $450,000 to pay for Duane Morris's fees and expenses, with an additional retainer to be used for future work.  Although Aberdeen Enterprises, Inc., and the Debtor are joint borrowers under the DIP Facility, it is out of the abundance of caution that the whole amount of the fees and expenses is sought for approval in this Application.

## SUMMARY OF SERVICES PERFORMED

11.     During the Fee Period, Duane Morris has provided, among other things, the following services to the Debtor:

a) Advised the Debtor and coordinated with Simmons Legal PLLC ("Simmons Legal")—the Debtor's general bankruptcy counsel—in connection with the Debtor's pending foreclosure appeal and other litigation, which included, as this Court is aware, (i) defending against the aggressive efforts of the JGB parties to obtain relief to foreclose on the Property notwithstanding anticipated DIP financing; (ii) negotiating the structure of the DIP Facility; (iii) began drafting a lawsuit against JGB and its principals; (iv) negotiating a resolution of the underlying dispute with the JGB parties; (v) negotiating the terms of the DIP Facility, the DIP Order, and the settlement and release of the JGB parties; (vi) continuing the Foreclosure Appeal (as defined herein) until obtaining a resolution with the JGB parties; and (vii) resolving title issues for the DIP Facility to close, including addressing late lien filings by the Internal Revenue Service ("IRS") and devoting significant amount of time to corporate structure issues, loss corporate stocks, loss records and related items concerning the Debtor, Aberdeen, and various BVI entities.

(b) Prepared, presented, and responded to necessary applications, motions, objections, orders, reports, filings and other legal papers in connection with the Debtor's pending foreclosure appeal and other litigation on behalf of the Debtor;

(c) Consulted with the Debtor's management and other advisors in connection with the Debtor's litigation matters;

(d) Attended meetings and negotiated with representatives of the Debtor's prepetition lenders and other third parties and participated in negotiations with respect to the above matters; and

(e) Performed any other necessary legal services normally associated with the above matters.

*See* Retention Application ¶ 11.

12.     The following is a summary of the professional services rendered by Duane Morris to the Debtor during the Fee Period organized in accordance with the ABA Bankruptcy Code Set, commonly used in bankruptcy matters.  Such summary of services is not intended to be a detailed description of the work performed but rather to highlight certain areas in which

Duane Morris provided services to the Debtor and identify certain matters and issues that Duane Morris addressed during the Fee Period.

**B110—Case Administration: 3.7 hours**

13.    This category includes the time spent by Duane Morris professionals and paraprofessionals performing various administrative services to represent the Debtor effectively and efficiently, including, *inter alia*, filing and serving a complaint and summons seeking to quiet title in the nature of an order striking federal tax liens from the Aberdeen Property to meet the conditions required to secure the DIP Facility and prevent the foreclosure of such property and the Debtor's adjoining Brickchurch Property.  The action commenced by such complaint and summons is captioned *Aberdeen Enters., Inc. v. United States*, Case No. 22-7190 (E.D.N.Y.) ("Quiet Title Action").

14.    Administrative services also include communicating with the Debtor and Simmons Legal regarding potential strategies for successfully exiting this Bankruptcy Case.

15.    Duane Morris believes it was able to address all administrative issues in connection with matters within the scope of its engagement in an effective and efficient manner.

**B115—Adversary Proceedings/Litigation: 89.7 hours**

16.    This category includes the time spent by Duane Morris professionals and paraprofessionals in preparing, presenting, and responding to necessary applications, motions, objections, orders, reports, filings and other legal papers in connection with the Debtor's pending and potential litigation.  Such litigation includes:

a.    Appealing certain orders relating to the foreclosure of the Property entered on January 14 and February 2, 2022, by the Supreme Court of New York, Suffolk County, in *JGB Partners, LP v. Brickchurch Enters., Inc.*, Case No. 623208/2019, which action on appeal is captioned *JGB Partners, LP v. Brickchurch*

*Enters., Inc.*, Nos. 2022-01592 & 2-22-1596 (N.Y. App. Div.) ("Foreclosure Appeal"), and which Foreclosure Appeal is being discontinued as part of the resolution of the underlying dispute with the JGB parties that was orchestrated by Duane Morris;

      b.    Preparing Complaint to be filed against JGB for its purported improper conduct, which was not filed as the matter with JGB was resolved prior to its filing;

      c.    Reviewing thousands of pages of documents and related items regarding possible causes of action on behalf of Debtor and Aberdeen Enterprises, Inc.

      d.    Preparing and commencing the Quiet Title Action that was required to be filed on behalf of Aberdeen Enterprises, Inc., for federal tax liens that both Debtor and Aberdeen Enterprises, Inc., claim were lodged against the Property in violation of the law;

      e.    Defending an action to recover fees for various mechanic's liens that are required to be resolved as part of this bankruptcy proceeding, including an action called *Dream Yard Landscaping Inc. v. MacBain*, No. 613367/2022 (N.Y. Sup. Ct.) ("Dream Yard Action"), which seeks to enforce a mechanic's lien against the Aberdeen Property and that may impede the sale of the Brickchurch Property; and

      f.    Certain other litigation and negotiations related to the foregoing.

17.    These services also include communicating with the Debtor, its principals, Simmons Legal, and opposing counsel regarding such matters.

18.    Duane Morris believes it was able to address—and continues to address—all litigation matters within the scope of its engagement in an effective and efficient manner.

**B160—Fee/Employment Applications: 6.7 hours**

19.     This category includes the time spent by Duane Morris professionals and paraprofessionals preparing and drafting, *inter alia*, the Application.

20.     Duane Morris has worked to limit the time spent on the review of fees to the extent reasonably practicable.  Some of the time was not billed as a courtesy to the Debtor.

**B190—Other Contested Matters: 0.9 hours[3]**

21.     This category includes the time spent by Duane Morris professionals and paraprofessionals preparing and finalizing an order to show cause in the Dream Yard Action.

22.     Duane Morris believes it was able to address—and continues to address—all contested matters within the scope of its engagement in an effective and efficient manner.

**B230—Financing/Cash Collateral: 233.7 hours**

23.     This category includes the time spent by Duane Morris professionals and paraprofessionals negotiating, preparing, drafting, and securing the DIP Facility and DIP Order, which authorized the Debtor to borrow in an aggregate outstanding principal amount not to exceed $62 million, including at least $52 million in new money provided to the Debtor.  DIP Order ¶ 3(c).

24.     Related services include addressing and resolving lien clearance issues; working to fulfill closing requirements; negotiating and securing a closing extension, *see* Dkt. No. 194; and communicating with the Debtor, Simmons Legal, and opposing counsel regarding such matters.  It should be noted that Duane Morris did not bill the Debtor for a significant amount of billable work as a courtesy to the Debtor.

25.     Duane Morris believes it was able to address—and continues to address—all financing matters within the scope of its engagement in an effective and efficient manner.

---

[3] Upon further review, Duane Morris acknowledges that the single time entry billed under B190 may be more properly attributed to B115.

**B310—Claim Administration/Objections**: **66.8 hours**

26.     This category includes the time spent by Duane Morris professionals and paraprofessionals to strike and avoid federal tax liens asserted by the IRS against the Brickchurch Property, resolve such contested matter by stipulation, *see* Dkt. No. 192, and provide related services regarding the Quiet Title Action.

27.     These services also include communicating with the Debtor, Simmons Legal, and opposing counsel regarding such matters.

28.     Duane Morris believes it was able to address—and continues to address—all claim administration and objection matters within the scope of its engagement in an effective and efficient manner.

**B320—Plan and Disclosure Statement**: **1.4 hours**

29.     This category includes the time spent by Duane Morris professionals and paraprofessionals to address how the DIP Facility may facilitate a confirmable plan for the Debtor.

30.     Duane Morris believes it was able to address—and continues to address—all plan and disclosure statement issues within the scope of its engagement in an effective and efficient manner.

**B440—Travel**: **1.5 hours**

31.     This category includes the time spent by Duane Morris professionals and paraprofessionals to hand deliver an emergency motion relating to the IRS's lien asserted against the Brickchurch Property to the U.S. Attorney.

32.     Duane Morris has worked to limit the time spent on travel to the extent reasonably practicable.

**SUMMARY OF ACTUAL AND NECESSARY EXPENSES**

33.     Duane Morris further seeks the allowance of reimbursement of $4,679.93 for expenses incurred during the Fee Period in the course of providing professional services to the Debtor.  Duane Morris's disbursement policies, which are applicable in bankruptcy and non-bankruptcy matters, pass through all out-of-pocket expenses at actual cost or an estimated actual cost when the actual cost is difficult to determine.  In this Application, Duane Morris seeks reimbursement of actual costs of accessing Court records via PACER, conducting legal research on Westlaw, obtaining documents from relevant Secretary of State offices, mailing and messenger services, printing and duplication services, and certain travel expenses.  Duane Morris submits that the expenses requested herein are reasonable, necessary, and economical.

**FACTORS TO BE CONSIDERED IN AWARDING PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES**

34.     The Court may award to a professional person "reasonable compensation for actual, necessary services rendered." *See* 11 U.S.C. § 330(a)(1).  Section 330(a) of the Bankruptcy Code provides that "[i]n determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including" the following:

(A)     the time spent on such services;

(B)     the rates charged for such services;

(C)     whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(D)     whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and

(E)     with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

10

(F)     whether the compensation is reasonably based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

35.    The clear congressional intent and policy expressed in section 330(a) of the Bankruptcy Code is to provide for adequate compensation in order to continue to attract qualified and competent bankruptcy practitioners to bankruptcy cases. *In re Drexel Burnham Lambert Grp., Inc.*, 133 B.R. 13, 20 (Bankr. S.D.N.Y. 1991) ("Congress'[s] objective in requiring that the market, not the Court, establish attorneys' rates was to ensure that bankruptcy cases were staffed by appropriate legal specialists."); *In re Busy Beaver Bldg. Ctrs., Inc.,* 19 F.3d 833, 850 (3d. Cir. 1994) ("Congress rather clearly intended to provide sufficient economic incentive to lure competent bankruptcy specialists to practice in the bankruptcy courts." (internal citations and internal quotations omitted)).

36.    In assessing the "reasonableness" of the fees requested, the Second Circuit has held that courts should consider twelve factors enumerated in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 92–93, 96 (1989). *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany & Albany County Bd. of Elections*, 522 F.3d 182, 190 (2d Cir. 2007) ("In determining what rate a paying client would be willing to pay, the . . . court should consider, among others, the *Johnson* factors."). These factors are:

(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Arbor Hill*, 522 F.3d at 186 n.3 (citing *Johnson,* 488 F.2d at 717–19).

37.     Duane Morris respectfully submits that consideration of these factors should result in the Court's allowance of the full amount of compensation sought in this Application.

a.      <u>Time and Labor Required.</u> Duane Morris billed a total of 396.2 hours of professional services and 8.2 hours of paraprofessional services during the Fee Period.   As evidenced by this Application, Duane Morris professionals and paraprofessionals worked diligently and efficiently without unnecessary duplication of efforts throughout the Fee Period. This is especially true when considering the nature and complexity of the issues that arose in the Bankruptcy Case and related litigation matters during the Fee Period.   In particular, the Fee Period included many material issues that required researching of applicable case law, negotiating and securing the DIP Facility and obtaining the DIP Order, addressing numerous litigation and potential litigation matters, and advising the Debtor on legal considerations and strategies to accomplish its financing goals and successfully exit the Bankruptcy Case.   Duane Morris respectfully submits that the hours spent were reasonable in light of the nature and complexity of the issues involved with advising a Debtor facing numerous litigation adversaries and in need of a DIP Facility exceeding $50 million.

b.      <u>Novelty and Difficulty of the Questions.</u> Duane Morris tasked knowledgeable attorneys to research, analyze and provide advice on difficult and complex financing, tax, and litigation questions.  As further described herein, Duane Morris advised the Debtor on securing the DIP Facility, obtaining the DIP Order, pursuing the Quiet Title Action, defending the Dream Yard Action, negotiating a resolution of the IRS lien on the Brickchurch Property, repairing certain corporate structure issues in both Delaware and the British Virgin Islands, and numerous other related issues.

c.      <u>Skill Requisite to Perform the Legal Services Properly.</u> Duane Morris believes that its recognized expertise in the area of financing, tax, litigation, and bankruptcy law, its ability to draw from highly experienced professionals in other areas of its practice as needed, and its creative approach to helping clients achieve their goals has benefited the Debtor.

d.      <u>Preclusion of Other Employment by Applicant Due to Acceptance of the Case.</u>  Although Duane Morris's representation of the Debtor did not preclude its acceptance of new clients, Duane Morris's professionals and paraprofessionals shouldered the demands for immediate and substantive action to advise the Debtor on exigent matters critical to its estate.

e.   <u>Customary Fee.</u>   The rates Duane Morris charges for the services rendered by its professionals and paraprofessionals in the Bankruptcy Case are the same rates Duane Morris charges for professional and paraprofessional services rendered in comparable non-bankruptcy matters.   Duane Morris's fee structure also is equivalent to the fee structure used by Duane Morris for litigation, restructuring, workout, bankruptcy, insolvency and comparable matters, as well as similar complex corporate and litigation matters, whether in court or otherwise, regardless of whether a fee application is required. The firm's customary hourly rates and rate structure reflect that litigation, restructuring, and related matters typically involve great complexity, numerous tasks requiring a high level of expertise, and severe time pressures, as is the case here. Duane Morris's rate structure is similar to the rate structure used by other, similar law firms that work on other, similar matters. It should be noted that Duane Morris's standard hourly fee were substantially reduced. For example, most of the Duane Morris work was done by Partner Brett Messinger. Mr. Messinger's standard rate is $1,325 per hour, but Duane Morris has charged for this matter a rate of only $850 per hour.

f.   <u>Whether the Fee Is Fixed or Contingent.</u>   Pursuant to sections 330(a) and 331 of the Bankruptcy Code, all fees sought by professionals employed under section 327 of the Bankruptcy Code are contingent pending final approval by the Court and are subject to adjustment depending upon the services rendered and the results obtained.   The contingency of full and actual compensation to Duane Morris increased the risk that Duane Morris assumed by representing the Debtor as special litigation counsel in the Bankruptcy Case.

g.   <u>Time Limitations Imposed by the Client or Other Circumstances.</u>   Given the Debtor's urgent need for the DIP Facility, Duane Morris was required to solve problems and in real time when the Debtor needed to take expedited action on pressing issues and time-sensitive matters relating to negotiating, securing, and closing such facility, with the goal of protecting and advancing the Debtor's interests in the most efficient manner possible.

h.   <u>Amount Involved and Results Obtained.</u>   Duane Morris professionals and paraprofessionals worked diligently to maximize value for the Debtor's estate by helping the Debtor secure the DIP Facility, obtain the DIP Order, and address numerous actual and potential litigation issues and contested matters.   Duane Morris helped the Debtor obtain financing that may facilitate a successful emergence, and it services reduced the Debtor's exposures to liabilities that could jeopardize the estate. Duane Morris respectfully submits that the fees requested in this Application are reasonable and appropriate when considering the results obtained on behalf of the Debtor as more fully described in the summary of services.

i.      <u>Experience, Reputation, and Ability of Attorneys.</u> Attorneys in Duane Morris's litigation, bankruptcy, and tax groups are consistently recognized as leading attorneys in their fields. During the Fee Period, Duane Morris solicited the skill and expertise of its attorneys, a number of whom have practiced law for over 20 years in a variety of jurisdictions and legal disciplines. Duane Morris attorneys have actively represented businesses such as the Debtor both in and out of bankruptcy. Duane Morris's extensive experience enables it to perform the services described herein competently and expeditiously.

j.      <u>"Undesirability" of the Cases.</u> Representation of the Debtor in this case is not undesirable. As noted above, however, Duane Morris's representation of the Debtor in this case has required a significant commitment of time and effort.

i.      <u>Nature and Length of Professional Relationship.</u> Duane Morris has been rendering professional services to the Debtor since prior to this Bankruptcy Case and on the issues raised in the Bankruptcy Case since approximately September 2022.

38.      For the reasons set forth above, the services rendered by Duane Morris were necessary and beneficial to the Debtor and were consistently performed in a timely manner. The compensation sought in this Application is reasonable in light of the value of such services to the Debtor, Duane Morris's demonstrated skill and expertise in the litigation, tax, financing, and bankruptcy fields (as well as other areas of expertise relevant to the Bankruptcy Case), and the customary compensation charged by comparably skilled practitioners at Duane Morris. Accordingly, Duane Morris respectfully submits that the Court should allow the payment of compensation for professional services and reimbursement of expenses sought herein.

39.      No agreement or understanding exists between Duane Morris and any other person for the sharing of any compensation to be received for professional services rendered or to be rendered in connection with the Bankruptcy Case. No prior application has been made in this Court or in any other court for the relief requested herein as it relates to the Fee Period.

40.      The Debtor will have the opportunity to review this Application and the fees and expenses requested herein.

## RESERVATION OF RIGHTS

41.    To the extent that there are services rendered or expenses incurred that relate to the Fee Period but were not processed prior to the preparation of the Application, Duane Morris reserves the right to request additional compensation for such services and reimbursement of such expenses in a future application.

## NOTICE

42.    Notice of the relief requested herein has been served on all parties required to be served pursuant to the Local Rules and Bankruptcy Rules, including the Office of the U.S. Trustee and all parties who have filed notices of appearance and requested such notice.

## CONCLUSION

**WHEREFORE**, Duane Morris respectfully requests: (i) the interim allowance of compensation for professional services rendered during the Fee Period in the amount of $290,850.00 and reimbursement of expenses in the amount of $4,679.93; (ii) that the allowance of such compensation for professional services rendered and reimbursement of actual and necessary expenses incurred be without prejudice to Duane Morris's right to seek additional compensation for services performed and reimbursement of expenses incurred during the Fee Period which were not processed at the time of the Application; and (iii) such other and further relief as the Court deems just, proper, and equitable.

Dated: January 5, 2023

Respectfully submitted,

**DUANE MORRIS LLP**

/s/ *Brett L. Messinger*
Brett L. Messinger
1540 Broadway
New York, NY 10036
Tel.: 215.979.1508
Email: blmessinger@duanemorris.com

*SPECIAL LITIGATION COUNSEL FOR THE DEBTOR*