IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BRICKCHURCH ENTERPRISES, INC., | ) | Case No. 8-22-70914-ast |
| | ) | |
| Debtor. | ) | Judge Alan S. Trust |
| | ) | |

**Exhibit**
22

### DECLARATION OF ANNE SYLVIA

I, Anne Sylvia, declare, pursuant to 28 U.S.C. § 1746, as follows:

1.       I am currently employed by the Internal Revenue Service ("IRS") as a Bankruptcy Specialist in New York, New York. I have reviewed the records of the IRS as they relate to this case, and the following statements are based on my review of those records, as well as my direct personal involvement in the case.

2.       I am the Bankruptcy Specialist who was assigned to the above-captioned Chapter 11 case of the debtor Brickchurch Enterprises, Inc. ("Brickchurch") shortly after it was filed in May 2022. As part of my job duties, I was charged with monitoring the case and filing the IRS's proof of claim, if any.

3.       Upon my initial case review, I determined that the IRS had not assessed any tax liabilities against Brickchurch. Because Brickchurch had not filed income tax returns for the four years preceding the petition date, I asked debtor's counsel for copies of the returns, which he provided. The IRS then examined the returns, which reported no tax liability, and decided not to assert that Brickchurch owed any income taxes.

4.       As part of my initial case review, I considered the possibility that Brickchurch's owner, Louise T. Blouin, might be liable for trust fund recovery penalties under 26 U.S.C. § 6672 in connection with Brickchurch, but I understood that was not the case because

Brickchurch had no Form 941 filing obligation. At the time, I was not aware that the IRS had assigned an Individual Tax Identification Number ("ITIN") to Ms. Blouin for the purpose of assessing trust fund recovery penalties against her in connection with two other companies. In addition, nothing in the bankruptcy court records or notices suggested that Ms. Blouin had been assessed these trust fund recovery penalties or that the collections division of the IRS had determined that Brickchurch was the alter ego or nominee of Ms. Blouin.

5.      Seeing no liabilities owed by Brickchurch or by Ms. Blouin to the IRS, I initially determined not to file a proof of claim in the Brickchurch bankruptcy case or to take any other administrative actions.

6.      Because of this determination, I did not enter a bankruptcy freeze code on Brickchurch's computerized account with the IRS. Such a freeze code typically prevents the IRS from taking collection action against a taxpayer that is currently in bankruptcy.

7.      I was not contemporaneously aware that the collection division of the IRS filed Notices of Federal Tax Liens (NFTLs) in August 2022 against Brickchurch as Ms. Blouin's nominee. That information would normally be associated with the IRS records for Ms. Blouin, not Brickchurch.

8.      Only in November 2022, after the debtor filed a motion accusing the IRS of violating the automatic stay, did I become aware of Ms. Blouin's § 6672 liabilities and the NFTL filings described above. After the resolution of that motion and consultation with counsel, I promptly filed the IRS's proof of claim in this case on December 1, 2022.


I declare under penalty of perjury that the foregoing is true and correct.

Executed at New York, New York, this ___10th___ day of February, 2023.

ANNE SYLVIA
Bankruptcy Specialist
Internal Revenue Service