IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BRICKCHURCH ENTERPRISES, INC., | ) | Case No. 8-22-70914-ast |
| | ) | |
| Debtor. | ) | Judge Alan S. Trust |
| _____ | ) | |

**BAY POINT CAPITAL PARTNERS II, LP'S POSITION STATEMENT IN OPPOSITION TO THE BRICKCHURCH ENTERPRISES, INC. OUTLINE OF PROPOSED TERMS AND CONDITIONS OF EXIT PLAN**

Bay Point Capital Partners II, LP ("DIP Lender") hereby files this Position Statement (this "Statement") in opposition to the Outline of Proposed Terms and Conditions of Exit Plan (ECF No. 244) (the "Proposed Exit Terms") filed by Brickchurch Enterprises, Inc. ("Brickchurch").

On their face, the Proposed Exit Terms are contrary to the clear provisions the Bankruptcy Code, violate the terms of the *Order (i) Authorizing Debtor to Obtain Post-Petition Secured Financing Pursuant to 11 U.S.C. §§ 105, 361, 362 and 364, and (ii) Granting Liens and Superpriority Claims* (ECF No. 172) (the "Dip Order"), and fly in the face of the U.S. Supreme Court's guidance in *Czyzewski v. Jevic Holding Corp.* 580 U.S. 451, 127 S. Ct. 973 (2017).

*The Exit Terms Violate the Express Provisions of the Bankruptcy Code*

11 U.S.C. § 349 governs the effect of dismissal. That provision states:

> (b) Unless the court, for cause, orders otherwise, a dismissal of a case, other than under section 742 of this title . . .
>
> > (3) revests the property of the estate in the entity in which such property was vested immediately before the commencement of the case under this title.

11 U.S.C. § 349. Section 362(c) provides as follows:

> Except as provided in subsections (d), (e), (f), and (h) of this section–

> (1) The stay of an act against property of the estate under subsection (a) of this section continues until such property is no longer property of the estate;
>
> (2) The satay of any other act under subsection (a) of this section continues until the earliest of . . .
>
>> (B) the time the case is dismissed.

11 U.S.C. 362(c).[1] As such, the Proposed Exit Terms, and specifically the request for "an order dismissing [Debtor's] chapter 11 case that provides that the automatic stay is in place until the closing and consummation of the Transaction," violates at least two provisions of Section 362(c) of the Bankruptcy Code. First, and most simply, Section 362(c)(2)(B) expressly states that the automatic stay terminates at the time that the case is dismissed. Second, and consistent with foregoing, Section 363(c)(1) provides that the automatic stay terminates with respect to property that is no longer property of the estate. Pursuant to Section 349(b)(3), dismissal of the bankruptcy case revests property of the estate into the party in which such property was vested immediately before the commencement of the bankruptcy case. As a result, under either provision, the automatic stay terminates upon dismissal of the bankruptcy case. There is no just reason here to extend that stay in violation of clear Congressional intent.

### *The Proposed Exit Terms Violate the DIP Order*

The DIP Order was the product of intensive negotiations between the DIP Lender and Debtor. The protections provided by the DIP Order were relied upon and instrumental in the DIP Lender's decision to extend financing to the Debtor. *See* DIP Order, § D (stating that the Debtor was unable to obtain secured credit allowable under section 364(c)(a) and 364(c)(2) of the

---

[1] Subsections (d), (e), (f), and (h) of 11 U.S.C. § 362(c) are not applicable to the issues presently before the Court.

Bankruptcy Code without granting the DIP Lender the rights, remedies, privileges, benefits, and protections provided for under the DIP Order and the DIP Loan Documents.[2]

Section 10(a) of the DIP Order defines "Termination Event" to include that date upon which the above-captioned proceeding is dismissed without the DIP Lender's consent. DIP Order, § 10(a)(vii). Section 10(a) further provides for the DIP Lender's rights and remedies upon the occurrence of a Termination Event:

> Upon the occurrence of a Termination Event, the DIP Lender shall be, and hereby is, authorized to immediately exercise any or all of the following remedies without further modification of the automatic stay pursuant to section 362 of the Bankruptcy Code or further order of or application to this Court: (a) declare all principal of, and accrued interest on, the DIP Obligations to be immediately due and payable, (b) exercise all other rights and remedies provided for in this Order, the DIP Loan Agreement, the DIP Loan Documents and applicable law, including, without limitation, the right to take possession of and sell or otherwise dispose of all or any pat of the DIP Collateral in accordance with the terms of any order of a court of competent jurisdiction, including any order entered in the Foreclosure Action, and/or the Uniform Commercial Code, to [sic] appointment of a state court receiver over all or any part of the DIP Collateral, to collect accounts receivable, and to apply all proceeds toward satisfaction of the DIP Obligations, and (c) occupy the Debtor's premises to sell or otherwise dispose of the DIP Collateral, and to otherwise exercise remedies against the DIP Collateral to the fullest extent permitted by applicable non-bankruptcy law.

DIP Order, § 10(a). Moreover, the DIP Order also provides that if any order dismissing the above-captioned proceeding is entered under 11 U.S.C. § 1112, such order shall provide that the DIP Protections continue in full force and that this Court shall retain jurisdiction to enforce such DIP Protections. DIP Order, § 12(b).

---

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the DIP Order.

Issuing an order consistent with the Proposed Exit Terms would not only rob the DIP Lender of the benefit of its bargain, but it would violate the clear terms of the DIP Order entered by this Court and relied upon by the DIP Lender.

### *The Proposed Exit Terms Fly in the Face of the Supreme Court's Guidance in Jevic*

In *Jevic*, the Supreme Court provided guidance on those types of situations where a structured dismissal may be appropriate. Those situations included, among others, when the structured dismissal was necessary to protect reliance interests. *Jevic*, 580 U.S. at 452 (syllabus) ("Read in context, §349(b), which permits a bankruptcy judge, 'for cause, [to] orde[r] otherwise,' seems designed to give courts the flexibility to protect reliance interests acquired in bankruptcy . . . ."). As noted above, here the Debtor seeks to utilize a structured dismissal to violate the reliance interests of the DIP Lender which loaned Debtor $62 million in reliance on the protections set forth in the DIP Order and the DIP Loan Documents.

Respectfully submitted,

**THOMPSON HINE LLP**

/s/ John C. Allerding
By: John C. Allerding (admitted pro hac vice)
3560 Lenox Road NE, Suite 1600
Atlanta, Georgia 30326
P: 404.407.3676 / F: 216.566.5800
John.Allerding@ThompsonHine.com

*Counsel for Bay Point Capital Partners II, LP*