IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BRICKCHURCH ENTERPRISES, INC., | ) | Case No. 8-22-70914-ast |
| | ) | |
| Debtor. | ) | Judge Alan S. Trust |
| | ) | |

**INTERNAL REVENUE SERVICE'S OBJECTION TO DISCLOSURE STATEMENT FOR BAY POINT CAPITAL PARTNERS II, LP'S PROPOSED PLAN OF LIQUIDATION OF BRICKCHURCH ENTERPRISES, INC. UNDER CHAPTER 11 OF THE BANKRUPTCY CODE (ECF NO. 248)**

The creditor Internal Revenue Service hereby objects to the Disclosure Statement (ECF No. 248), and the accompanying Chapter 11 Plan (ECF No. 247), filed by Bay Point Capital Partners II LP ("Bay Point"). This is an abbreviated objection because undersigned counsel has been advised that Bay Point and debtor Brickchurch Enterprises, Inc. ("Brickchurch") are in ongoing negotiations that may result in a different plan being proposed. The IRS awaits whether such a joint plan of the debtor and Bay Point might be proposed and is open to negotiating the terms of such a plan going forward.

For now, to preserve the IRS's rights in light of the pending deadline to object to the Disclosure Statement that Bay Point has actually filed, the IRS objects on two grounds. First, the IRS objects to the extent that the Plan and Disclosure Statement do not provide for full payment of the IRS's priority claim of $5,685,582.56 (*see* Claim 13-1). As drafted, the Disclosure Statement assumes "Priority Tax Claims" in the amount of "$0.00." The debtor has objected to the IRS claim, and the IRS has filed a response arguing that the objection should be overruled and the claim should be allowed as filed. The claim objection has been fully briefed, argued and submitted. The IRS asks the Court to rule on the claim objection in the IRS's favor and to require

that any Chapter 11 plan provide that the IRS must receive the full value of the priority claim, in accordance with 11 U.S.C. § 1129(a)(9)(C).

Second, the IRS objects to the Plan and Disclosure Statement because they do not provide for payment of capital gains tax that would be incurred upon the sale of the real property. *See* Plan § 6.1 and Disclosure Statement at pages 10-11. Such capital gains taxes would be administrative claims entitled to full payment through the Plan. *See* §§ 1129(a)(9)(A) and 503(b). Counsel for Bay Point has indicated that an amended plan will be forthcoming that addresses the capital gains taxes.

WHEREFORE, for the foregoing reasons, the IRS objects to the Plan and Disclosure Statement.

Respectfully submitted,

DAVID A. HUBBERT
Deputy Assistant Attorney General
U.S. Department of Justice, Tax Division

/s/ Edward J. Murphy
EDWARD J. MURPHY
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55
Washington, D.C.  20044
202-307-6064 (v) / 202-514-5238 (f)
Edward.J.Murphy@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of June, 2023, I served the foregoing document electronically upon all parties of record through the Court's Electronic Case Filing System on those parties that have consented to such service.

*/s/ Edward J. Murphy*
EDWARD J. MURPHY
Trial Attorney
United States Department of Justice, Tax Division
