**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>BRICKCHURCH ENTERPRISES, INC.,<br><br>Debtor. | Case No. 22-70914-ast<br><br>Chapter 11 |

**BAY POINT CAPITAL PARTERS II, LP'S SUPPLEMENTAL OBJECTION AND OPPOSTION TO MOTION OF DEBTOR FOR ENTRY OF AN ORDER (I) DISMISSING THE CHAPTER 11 CASE OF DEBTOR AND BRICKCHURCH ENTERPRISES, INC. AND (II) GRANTING RELATED RELIEF (ECF NO. 257)**

DIP Lender Bay Point Capital Partners II, LP ("Bay Point" or the "DIP Lender") hereby files this supplemental objection (this "Supplemental Objection") to the *Motion of Debtor for Entry of an Order (i) Dismissing the Chapter 11 Case of Debtor and Brickchurch Enterprises, Inc. and (ii) Granting Related Relief* (ECF No. 257, the "Motion") and, in addition to reincorporating the positions raised in its original Objection,[1] states the following:

Debtor's Motion is in direct violation of the DIP Financing Order.[2] The DIP Financing Order expressly prevents Debtor from seeking to dismiss the above-captioned case prior to repayment of the DIP Obligations[3] without Bay Point's prior written consent:

> No Non-Consensual Modification or Extension of Order. Unless all DIP Obligations shall have been indefeasibly paid in full, the ***Debtor shall not seek***, and it shall constitute an Event of Default, if there is entered (i) an order amending, supplementing, extending or otherwise modifying this Order; or (ii) ***an order converting or***

---

[1] Bay Point Capital Partners II, LP's Supplemental Objection and Opposition to Motion of Debtor for Entry of an Order (i) Dismissing the Chapter 11 Case of Debtor and Brickchurch Enterprises, Inc. and (ii) Granting Related Relief (ECF No. 266, the "Objection").

[2] *Order (i) Authorizing Debtor to Obtain Post-Petition Secured Financing Pursuant to 11 U.S.C. §§ 105, 361, 362, and 364 and (ii) Granting Liens and Super-Priority Claims* (ECF No. 172, the "DIP Financing Order").

[3] Capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the DIP Financing Order.

> ***dismissing any of this case, without the prior written consent of the DIP Lender***.

DIP Financing Order, ¶ 12(a). When DIP Lender's counsel raised this issue with Debtor's counsel, Debtor refused to withdraw its Motion and decided to willfully and knowingly press forward with prosecuting a Motion it knows to be in violation of this Court's order. Debtor's actions serve as a clear basis for finding Debtor and any of its officers and directors that authorized the filing of the Motion, or at least that directed counsel to not withdraw the Motion, in contempt of court. While a motion for contempt is not currently pending before the Court, the Court can find Debtor and its officers and/or directors in contempt *sua sponte*. More important for the issue now before the Court, the DIP Financing Order provides a very clear basis for denying the Motion.

Moreover, in its prior Objection, DIP Lender offered to agree to the Debtor's requested dismissal based on one simple condition: a binding commitment from a reputable lender that would result in the DIP Obligations being paid outside of bankruptcy. Objection at 2 ("If Debtor can produce a complete, fully executed, binding agreement for refinancing from a reputable funding source that will result in Bay Point receiving payment of the DIP Obligations owed to [it], which is conditioned only on the dismissal of the bankruptcy case, Bay Point will agree to Debtor's requested dismissal."). Debtor's inability to provide such a commitment is telling.

DIP Lender is in the process of proposing an amended plan of liquidation that it believes it will be able to confirm – one that will maximize the value of Debtor's assets and provide the greatest possible recovery for creditors. DIP Lender believes, based on its prior communications with the other major creditors in this case, that its plan will have the support of all (or nearly all) of Debtor's creditors.

On the other hand, Debtor asks this Court to dismiss the bankruptcy case to put its creditors on the proverbial merry-go-round. Debtor is in default – both payment and covenant defaults – of

its obligations under the DIP Loan Documents. Debtor is in violation of this Court's order. Debtor has no financing and cannot present any support that it can obtain financing outside of bankruptcy. Debtor has no path forward. Enough is enough. It is time to market and sell Debtor's assets through a plan of liquidation that will maximize the value of the assets, minimize the time to get a sale closed (thereby minimizing the continued interest being generated on the DIP Obligations – which constitute a superpriority claim in this bankruptcy case – and maximize the return to other creditors), and close this case. If the case is dismissed, we'll all be back on the eve of the state court foreclosure sale of Debtor's property. That isn't good for anyone – except for Debtor's principal who will continue to enjoy the use of the luxury property during the delay.

For all of these reasons, along with any additional reasons and evidence that may be raised or presented through any supplemental briefing or at a hearing on the Motion, DIP Lender respectfully requests that the Court deny Debtor's Motion.

Dated:  July 14, 2023

Respectfully submitted,

*/s/ John C. Allerding*
By: John C. Allerding (admitted pro hac vice)
Thompson Hine LLP
3560 Lenox Road, Suite 1600
P: 404.407.3676 / F: 216.566.5800
John.Allerding@ThompsonHine.com

*Counsel for Bay Point Capital Partners II, LP*