# Exhibit 1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
------------------------------x
MORGAN STANLEY PRIVATE BANK, NATIONAL ASSOCIATION

          Plaintiff(s),  **Index No.**:623196/2019

   -against-

ABERDEEN ENTERPRISES, INC.
JGB PARTNERS, LP A DELAWARE LIMITED PARTNERSHIP
JGB CAPITAL, LP, A DELAWARE LIMITED PARTNERSHIP
JGB(CAYMAN)ANCONA LTD.
JGB PLYMOUTH ROCK LLC, A DELAWARE LIMITED LIABILITY COMPANY
NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE
UNITED STATES OF AMERICA - INTERNAL REVENUE SERVICE
WORKERS' COMPENSATION BOARD OF THE STATE OF NEW YORK

          Defendant(s).
------------------------------x

**NOTICE OF ENTRY**

  **PLEASE TAKE NOTICE** that the within is a true copy of an Order Confirming Referee Report and Judgment of Foreclosure and Sale duly entered in the office of the within named court on September 7, 2022.

Dated:  January 30, 2023
     Syosset, New York

          Yours, etc.
          ROACH & LIN, P.C.

          _____
          BY: Shu Chen
          Attorneys for Plaintiff
          6851 Jericho Turnpike
          Suite 185
          Syosset, New York 11791
          516-938-3100

TO:

ABERDEEN ENTERPRISES, INC.
C/O NEW YORK SECRETARY OF STATE,
99 WASHINGTON AVENUE
ALBANY, NY 12210

LESLIE C. THORNE
HAYNES AND BOONE, LLP
ATTORNEY FOR DEFENDANTS
JGB (CAYMAN) ANCONA LTD., JGB PARTNERS, LP,
JGB CAPITAL, LP, JGB PLYMOUTH ROCK LLC
30 ROCKEFELLER PLAZA, 26TH FLOOR
NEW YORK, NY 10112

ROSE LOWE, ESQ.
REFEREE
PO BOX 987
WESTHAMPTON BEACH, NY 11978

FILED: SUFFOLK COUNTY CLERK 01/30/2023 11:09 AM
NYSCEF DOC. NO. 83
INDEX NO. 623196/2019
RECEIVED NYSCEF: 01/30/2023

Case 8-22-70914-ast Doc 296-1 Filed 08/23/23 Entered 08/23/23 01:11:30

FILED: SUFFOLK COUNTY CLERK 09/07/2022 09:00 AM
NYSCEF DOC. NO. 82
INDEX NO. 623196/2019
RECEIVED NYSCEF: 01/12/2023

22166
699

At an IAS term, Part 12, of the Supreme Court of the State of New York held in and for the County of Suffolk at the courthouse located at 1 Court Street, Riverhead NY on August 5, 2022

PRESENT: JOHN H. ROUSE, ACTING J.S.C.

SUPREME COURT OF THE STATE OF NEW YORK
SUFFOLK COUNTY
------------------------------------------x
MORGAN STANLEY PRIVATE BANK, NATIONAL ASSOCIATION

                          Plaintiff(s),

-against-

ABERDEEN ENTERPRISES, INC.
JGB PARTNERS, LP A DELAWARE LIMITED PARTNERSHIP
JGB CAPITAL, LP, A DELAWARE LIMITED PARTNERSHIP
JGB (CAYMAN) ANCONA LTD.
JGB PLYMOUTH ROCK LLC, A DELAWARE LIMITED LIABILITY COMPANY
NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE
UNITED STATES OF AMERICA - INTERNAL REVENUE SERVICE
WORKERS' COMPENSATION BOARD OF THE STATE OF NEW YORK

                          Defendant(s).
------------------------------------------x

*No Objection*

Index No.: 623196/2019

**ORDER CONFIRMING REFEREE REPORT AND JUDGMENT OF FORECLOSURE AND SALE**

MORTGAGED PROPERTY:
376 GIN LANE
SOUTHAMPTON, NY 11968
COUNTY: SUFFOLK
DSBL #: 0904, 029.00, 01.00, 017.013

Servicer: CENLAR FSB

Phone: 1-800-223-6527

ENTERED: Sep 7 2022
AT: 2:25 PM

UPON the Summons, Complaint, and Notice of Pendency filed in this action on November 25, 2019, the Notice of Motion dated June 17, 2022, the affirmation of Kathleen A. Casey, Esq., the Affidavit of Payment Default by Nancy Irwin who is a VP Client Relations of CENLAR FSB, as attorney in fact for MORGAN STANLEY PRIVATE BANK, NATIONAL ASSOCIATION duly sworn to on February 14, 2020, together with the exhibits annexed thereto, all in support of Plaintiff's motion for a Judgment of Foreclosure and sale; and

UPON proof that each of the Defendants herein have been duly served with the Summons and Complaint in this action, and have not served any answer to the Complaint or otherwise appeared, nor had their time to do so extended; except that defendants JGB PARTNERS, LP A

FILED: SUFFOLK COUNTY CLERK 01/30/2023 11:09 AM
NYSCEF DOC. NO. 83
INDEX NO. 623196/2019
RECEIVED NYSCEF: 01/30/2023

FILED: SUFFOLK COUNTY CLERK 09/07/2022 09:00 AM
NYSCEF DOC. NO. 82
INDEX NO. 623196/2019
RECEIVED NYSCEF: 01/12/2023

DELAWARE LIMITED PARTNERSHIP, JGB CAPITAL, LP, A DELAWARE LIMITED PARTNERSHIP, JGB (CAYMAN) ANCONA LTD. and JGB PLYMOUTH ROCK LLC, A DELAWARE LIMITED LIABILITY COMPANY appeared by Notice of Appearance and requested notice hereof and UNITED STATES OF AMERICA - INTERNAL REVENUE SERVICE and WORKERS' COMPENSATION BOARD OF THE STATE OF NEW YORK appeared by Notice of Appearance waived notice hereof; and **Plaintiff having** established to the court's satisfaction that a Judgment against Defendants is warranted; and

UPON proof that non-appearing **Defendants ABERDEEN ENTERPRISES, INC** and **NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE** are not absent, in accordance with RPAPL §1321(2); and

A Referee having been appointed to compute the amount due to Plaintiff upon the Bond/Note and Mortgage set forth in the Complaint and to examine whether the mortgaged property can be sold in parcels; and

UPON reading and filing the Report of **ROSE LOWE, ESQ.**, dated June 13, 2022, showing the sum of $16,522,340.23 due as of the date of said Report and that the mortgaged property may not be sold in parcels; and

UPON, on motion by Kathleen A. Casey, Esq., attorney for the Plaintiff, it is hereby

ORDERED, ADJUDGED AND DECREED that the motion is granted; and it is further

ORDERED, ADJUDGED AND DECREED that the Referee's Report be, and the same is, herby in all respects ratified and confirmed; and it is further

ORDERED, ADJUDGED AND DECREED, that the mortgaged property described in the Complaint and as hereafter described, or such part thereof as may be sufficient to discharge the Mortgage debt, the expenses of the sale, and the costs of this action as provided by the RPAPL be sold, within 90 days of the date of this Judgment, in one parcel, at a public auction at the the front steps of the **Riverhead Town Hall located at** 210 Howell Avenue, Riverhead NY 11901 by and under the direction of ROSE LOWE, ESQ., who is hereby appointed Referee for that purpose;

FILED: SUFFOLK COUNTY CLERK 01/30/2023 11:09 AM
NYSCEF DOC. NO. 83
INDEX NO. 623196/2019
RECEIVED NYSCEF: 01/30/2023

FILED: SUFFOLK COUNTY CLERK 09/07/2022 09:00 AM
NYSCEF DOC. NO. 82
INDEX NO. 623196/2019
RECEIVED NYSCEF: 01/12/2023

that said Referee give public notice of the time and place of sale in accordance with RPAPL §231 in *The Southampton Press*, The Express News Group, 135 Windmill Lane Southampton, NY 11968 Phone: 631-283-4100 and it is further

ORDERED, ADJUDGED AND DECREED that by accepting this appointment, the Referee certifies that she is in compliance with Part 36 of the Rules of the Chief Judge (22 NYCRR Part 36), including, but not limited to §36.2 (c) ("Disqualifications form appointment") and § 36.2 (d) ("Limitations on appointments based upon compensation"); and, if the Referee is disqualified from receiving an appointment pursuant to the provisions of that Rule, that Referee shall immediately notify the Appointing Judge; and is it further

ORDERED, ADJUDGED AND DECREED that the Referee is prohibited from accepting or retaining any funds for herself or paying funds to herself without compliance with Part 36 of the Rules of the Chief Administrative Judge; and it is further

ORDERED, ADJUDGED AND DECREED that the Referee shall conduct the foreclosure sale only if Plaintiff, its successors and/or assignees, or its representative is present at the sale or the Referee has received a written bid and Terms of Sale from Plaintiff, its successors and/or assigns, or its representatives; and it is further

ORDERED, ADJUDGED AND DECREED that if the Referee does not conduct the sale within 180 days of the entry of the Judgment, in accordance with CPLR 2004, the time fixed by RPAPL §1351(1) is extended for the Referee to conduct the sale as soon as reasonably practicable; and it is further

ORDERED, ADJUDGED AND DECREED that at the time of sale the Referee shall accept a written bid from the Plaintiff or the Plaintiff's attorney, just as though Plaintiff were physically present to submit said bid; and it is further

ORDERED, ADJUDGED AND DECREED that the Referee shall accept the highest bid offered by a bidder who shall be identified upon the court record, and shall require that the successful bidder immediately execute Terms of Sale for the purchase of the property, and pay to the Referee, in cash or certified or bank check, ten percent (10%) of the sum bid, unless the

FILED: SUFFOLK COUNTY CLERK 01/30/2023 11:09 AM
NYSCEF DOC. NO. 83
INDEX NO. 623196/2019
RECEIVED NYSCEF: 01/30/2023

FILED: SUFFOLK COUNTY CLERK 09/07/2022 09:00 AM
NYSCEF DOC. NO. 82
INDEX NO. 623196/2019
RECEIVED NYSCEF: 01/12/2023

successful bidder is Plaintiff in which case no deposit against the purchase price shall be required; and it is further

ORDERED, ADJUDGED AND DECREED that, in the event the first successful bidder fails to execute the Terms of Sale immediately following the bidding upon the subject property or fails to immediately pay the ten percent (10%) deposit as required, by Bank Cashier's Check the property shall immediately and on the same day be reoffered at auction; and it is further

ORDERED, ADJUDGED AND DECREED that the Referee shall then deposit the down payment and proceeds of sale, as necessary, in ___her IOLA account_____

_____ in her own name as Referee, in accordance with CPLR 2609; and it is further

ORDERED, ADJUDGED AND DECREED that, after the property is sold, the Referee shall execute a deed to the purchaser, in accordance with RPAPL §1353 and the terms of sale, which shall be deemed a binding contract; and it is further

ORDERED, ADJUDGED AND DECREED that, in the event a party other than the Plaintiff becomes the purchaser at the sale, the closing of title shall be held no later than 30 days after the date of such unless otherwise stipulated by all parties to the sale; and it is further

ORDERED, ADJUDGED AND DECREED that, if Plaintiff (or its affiliate, as defined in paragraph (a) of subdivision 1 of section six-1 of the Banking Law) is the purchaser, such party shall place the property back on the market for sale or other occupancy: (a) within 180 days of the execution of the deed of sale, or (b) within 90 days of completion of construction, renovation, or rehabilitation of the property, provided that such construction, renovation, or rehabilitation proceeded diligently to completion, whichever comes first, provided however, that a court of competent jurisdiction may grant an extension for good cause; and it is further

ORDERED, ADJUDGED AND DECREED that the Referee, on receiving the proceeds of such sale, shall forthwith pay therefrom, in accordance with their priority according to law, all taxes, assessments, sewer rents, or water rates, which are, or may become, liens on the property

FILED: SUFFOLK COUNTY CLERK 01/30/2023 11:09 AM
NYSCEF DOC. NO. 83
INDEX NO. 623196/2019
RECEIVED NYSCEF: 01/30/2023

Case 8-22-70914-ast    Doc 296-1    Filed 08/23/23    Entered 08/23/23 01:11:30

FILED: SUFFOLK COUNTY CLERK 09/07/2022 09:00 AM
NYSCEF DOC. NO. 82
INDEX NO. 623196/2019
RECEIVED NYSCEF: 01/12/2023

at the time of sale, with such interest or penalties which may have lawfully accrued thereon to the date of payment; and it is further

ORDERED, ADJUDGED AND DECREED, that the Referee then deposit the balance of said proceeds of sale in her own name as Referee in  her IOLA account                                            
_____, and shall thereafter make the following payments in accordance with RPAPL §1354, as follows:

FIRST: The Referee's statutory fees for conducting the sale, in accordance with CPLR 8003(b), not to exceed $750.00 unless the property sells for $50,000.00 or more or in the event of a sale was cancelled or postponed, Plaintiff shall compensate the Referee in the sum of $ 250.00     for each adjournment or cancellation, unless the Referee caused the delay;

SECOND: All taxes, assessments, and water rates that are liens upon the property and monies necessary to redeem the property from any sales for unpaid taxes, assessments, or water rates that have not become absolute, and any other amounts due in accordance with RPAPL §1354(2). Purchaser shall be responsible for interest and penalties due on any real property taxes accruing after the sale. The Referee shall not be responsible for the payment of penalties or fees pursuant to this appointment. The Purchaser shall hold the Referee harmless from any such penalties or fees assessed;

THIRD: The expenses of the sale and the advertising expenses as shown on the bills presented and certified by said Referee to be correct, duplicate copies of which shall be annexed to the report of sale;

FOURTH: The Referee shall then pay to the Plaintiff or its attorney the following:

Amount Due per Referee's Report: $16,522,340.23 with interest at the Note rate from April 2, 2022, together with any advances as provided for in the Note and Mortgage which Plaintiff has made for taxes, insurance, principal, and interest, and any other charges due to prior mortgages or to maintain the property pending consummation of this foreclosure sale, not previously included in the computation, upon presentation of receipts

for said expenditures to the Referee, all together with interest thereon pursuant to the Note and Mortgage, and then with interest from the date of entry of this Judgment at the statutory rate until the date the deed is transferred;

Costs and Disbursements: $10,757.13 adjudged to the Plaintiff for costs and disbursements in this action, with interest at the statutory Judgment rate from the date of entry of this Judgment;

Attorney Fees: $5,200.00 is hereby awarded to Plaintiff as reasonable legal fees herein, with interest at the statutory rate from the date of entry of this Judgment;

FIFTH: Surplus monies arising from the sale shall be paid into court by the officer conducting the sale within five days after receipt in accordance with RPAPL §1354(4) and in accordance with local County rules regarding Surplus monies; and it is further

ORDERED, ADJUDGED AND DECREED that if the Plaintiff is the purchaser of the property, or in the event that the rights of the purchasers at such sale and the terms of sale under this Judgment shall be assigned to and be acquired by the Plaintiff, and a valid Assignment thereof is filed with said Referee, said Referee shall not require Plaintiff to pay in cash the entire amount bid at said sale, but shall execute and deliver to the Plaintiff or its assignee, a deed or deeds of the property sold upon the payment to said Referee of the amounts specified in items marked "First", "Second", and "Third" above; that the Referee shall allow the Plaintiff to pay the amounts specified in "Second" and "Third" about when it is recording the deed; that the balance of the bid, after deducting the amounts paid by the Plaintiff shall pay any surplus after applying the balance of the bid to the Referee, who shall deposit it in accordance with paragraph "Fifth" above, and it is further

ORDERED, ADJUDGED AND DECREED that all expenses of recording the Referee's deed, including real property transfer tax, which is not a lien upon the property at the time of sale,

FILED: SUFFOLK COUNTY CLERK 09/07/2022 09:00 AM INDEX NO. 623196/2019
NYSCEF DOC. NO. 82 RECEIVED NYSCEF: 01/12/2023

shall be paid by the purchaser, not by the Referee from sale proceeds, and that any transfer tax shall be paid in accordance with Tax Law §1404; and it is further

ORDERED, ADJUDGED AND DECREED that if the sale proceeds distributed in accordance with paragraphs "First," "Second," "Third", and "Fourth" above are insufficient to pay Plaintiff the Amount Due per the Referee's Report as set forth in paragraph "Fourth" above; and it is further

ORDERED, ADJUDGED AND DECREED that the mortgaged property is to be sold in one parcel in "as is" physical order and condition, subject to that an inspection of the property would disclose; any facts that an accurate survey of the property would show; any covenants, restrictions, declarations, reservations, easements, right of way, and public utility agreements of record, if any; any building and zoning ordinances of the municipality in which the mortgaged property is located and possible violations of same; any rights or tenants or persons in possession of the subject property; prior liens of record, if any, except those liens addressed in RPAPL §1354; any equity of redemption of the United States of American to redeem the property within 120 days from the date of sale; and any rights pursuant to CPLR 317, 2003, 5015 and RPAPL 1302-a, or any appeal of the underlying action or additional litigation brought by any Defendant or its successor or assignee contesting the validity of this foreclosure; and it is further

ORDERED, ADJUDGED AND DECREED that the purchaser be let into possession of the property upon production in hand of the Referee's Deed or upon personal service of the Referee's deed in accordance with CPLR 308; and it is further

ORDERED, ADJUDGED AND DECREED that the Defendants in this action and all persons claiming through them and any person obtaining an interest in the property after the filing of the Notice of Pendency are barred and foreclosed of all right. Claim, lien, title, and interest in the property after the sale of the mortgaged property; and it is further

ORDERED, ADJUDGED AND DECREED that within 30 days after completing the sale and executing the proper conveyance to the purchaser, unless the time is extended by the court,

the officer making the sale shall file with the clerk a report under oath of the disposition of the proceeds of the sale in accordance with RPAPL §1355(1) and follow all local County rules

ORDERED, ADJUDGED AND DECREED that if the purchaser or purchasers at said sale default(s) upon the bid and/or the terms of sale the Referee may place the property for resale without prior application to the court unless Plaintiff's attorneys shall elect to make such application; and it is further

ORDERED, ADJUDGED AND DECREED that nothing herein shall be deemed to relieve Plaintiff of any obligation imposed by RPAPL §1307 and RPAPL §1308 to secure and maintain the property until such time as ownership of the property has been transferred and the deed duly recorded; and it is further

ORDERED, ADJUDGED AND DECREED that, when the Referee files a report of sale, he or she shall concurrently file a Foreclosure Actions Surplus Monies Form; and it is further

ORDERED, ADJUDGED AND DECREED that to ensure compliance herewith, Plaintiff shall file a written report with the court within six months from the date of entry of this Judgment stating whether the sale has occurred and the outcome thereof.

Said property is commonly known as 376 GIN LANE, SOUTHAMPTON, NY 11968.

ORDERED, ADJUDGED AND DECREED, that The Successful Bidder will pay ROACH & LIN, P.C.'s closing fee in the amount of $450.00 in the event of a third-party closing.

The legal description of the mortgaged property referred to herein is annexed hereto as Schedule A.

**GRANTED**

AUG 0 5 2022

Judith A. Pascale
CLERK OF SUFFOLK COUNTY

ENTER:

_____
JOHN H. ROUSE, ACTING J.S.C

*Judith A. Pascale*

# CHICAGO TITLE INSURANCE COMPANY
## RESIDENTIAL REFINANCE CERTIFICATE
### SCHEDULE A DESCRIPTION

The land referred to in this Certificate is described as follows:

ALL that certain plot, piece or parcel of land, situate, lying and being in the Incorporated VILLAGE of SOUTHAMPTON, Town of SOUTHAMPTON, County of SUFFOLK and State of New York, bounded and described as follows:

BEGINNING at the corner formed by the intersection of the southerly side of GIN LANE with the westerly side of WYANDANCH LANE;

running thence along the westerly side of WYANDANCH LANE,

South 30 degrees 54 minutes 10 seconds East 531.00 feet to the ATLANTIC OCEAN;

thence along a tie line course which marks the general shoreline of the ATLANTIC OCEAN, as of January 5, 1982 bearing,

South 64 degrees 46 minutes 15 seconds West 275.28 feet to land now or formerly of BRICKCHURCH ENTERPRISES INC.;

thence along said lands, the following four courses and distances:

1) North 16 degrees 20 minutes 00 seconds West 213.89 feet;

2) North 03 degrees 20 minutes 09 seconds West 155.09 feet;

3) North 58 degrees 56 minutes 50 seconds East 50.96 feet;

4) North 20 degrees 05 minutes 50 seconds West, 178.57 feet to the southerly side of GIN LANE;

thence along the southerly side of GIN LANE,

North 73 degrees 21 minutes 10 seconds East 65.95 feet to the westerly side of WYANDANCH LANE to the point or place of BEGINNING.

FOR INFORMATION ONLY: DISTRICT 0904 SECTION 029.00 BLOCK 01.00 LOT 017.013

FILED: SUFFOLK COUNTY CLERK 09/07/2022 09:00 AM
NYSCEF DOC. NO. 82
INDEX NO. 623196/2019
RECEIVED NYSCEF: 01/12/2023

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
------------------------------------------------x
MORGAN STANLEY PRIVATE BANK, NATIONAL ASSOCIATION

                        Plaintiff(s),

-against-

ABERDEEN ENTERPRISES, INC.
JGB PARTNERS, LP A DELAWARE LIMITED PARTNERSHIP
JGB CAPITAL, LP, A DELAWARE LIMITED PARTNERSHIP
JGB (CAYMAN) ANCONA LTD.
JGB PLYMOUTH ROCK LLC, A DELAWARE LIMITED LIABILITY COMPANY
NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE
UNITED STATES OF AMERICA - INTERNAL REVENUE SERVICE
WORKERS' COMPENSATION BOARD OF THE STATE OF NEW YORK

                        Defendant(s).
------------------------------------------------x

Index No.: 623196/2019

COSTS OF PLAINTIFF
MORTGAGED PROPERTY:
376 GIN LANE SOUTHAMPTON, NY 11968

COUNTY: SUFFOLK
DSBL #: 0904, 029.00, 01.00, 017.013

## COSTS

| | |
|---|---|
| Costs before Note of Issue – CPLR 8201(1).................. | $200.00 |
| Allowance by statute – CPLR 8302(a)(b)................. | $_____ |
|   First $200.00 at 10%......................................$20.00 | |
|   Next $800.00 at 5%........................................$40.00 | |
|   Next $2000.00 at 2%......................................$40.00 | |
|   Next $5000.00 at 1%......................................$50.00 | |
| | $150.00 |
| Additional allowance – CPLR 8302(d)....................... | $ 50.00 |
| Discretionary costs on motion – CPLR 8303(a)(I)........... | $_____ |

COST TAXED AT $ 400
TIME _____ DAY OF _____
SEP 0 7 2022
JUDITH A. PASCALE
CLERK OF SUFFOLK COUNTY

## FEES AND DISBURSEMENTS

| | | |
|---|---|---|
| Fee for index number - | CPLR 8018(a) | $ 400.00 |
| Referee's fee to compute, per order of the court - | CPLR 8003(a) | $ 500.00 |
| Paid for searches .. | CPLR 8301(a)(10) | $ 525.00 |
| Serving copy of Summons and Complaint - | CPLR 8301(d) | $ 8527.13 |
| Reproduction costs - | CPLR 8301(a)(6) | $_____ |
| Fees for publication of Summons - | CPLR 8301(a)(3) | $_____ |
| Certified copies of papers - | CPLR 8301(a)(4) | $_____ |
| Request for judicial intervention - | CPLR 8020(a) | $ 95.00 |
| Clerk's fee for filing of Notice of Pendency - | CPLR 8021(a)(10) | $ 220.00 |
| Skip trace fees - | CPLR 8301(d) | $_____ |
| Motion fees - | CPLR 8020(a) | $ 90.00 |
| Note of Issue - | CPLR 8020(a) | $_____ |
| Total. | | $10,757.13 |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
------------------------------------x
MORGAN STANLEY PRIVATE BANK, NATIONAL ASSOCIATION

                           Plaintiff(s),
      -against-

ABERDEEN ENTERPRISES, INC., ET AL.
                          Defendant(s).
------------------------------------x

Index No.:623196/2019

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK   )
                         )  ss.:
COUNTY OF NASSAU    )

     Carina Zhang, being duly sworn, deposes and says: Deponent is not a party to the action, is over 18 years of age and resides in the State of New York.

     That on ___January 30___, 2023, deponent served the annexed **ORDER CONFIRMING REFEREE REPORT AND JUDGMENT OF FORECLOSURE AND SALE WITH NOTICE OF ENTRY** on the following parties at the following address by depositing a true copy of same enclosed in postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office within the State of New York:

ABERDEEN ENTERPRISES, INC.
C/O NEW YORK SECRETARY OF STATE,
99 WASHINGTON AVENUE
ALBANY, NY 12210

LESLIE C. THORNE
HAYNES AND BOONE, LLP
ATTORNEY FOR DEFENDANTS
JGB (CAYMAN) ANCONA LTD., JGB PARTNERS, LP,
JGB CAPITAL, LP, JGB PLYMOUTH ROCK LLC
30 ROCKEFELLER PLAZA, 26TH FLOOR
NEW YORK, NY 10112

ROSE LOWE, ESQ.
REFEREE
PO BOX 987
WESTHAMPTON BEACH, NY 11978

_Carina Zhang_

Sworn to before me on this
30th day of January, 2023

_Alicia McNamee_
NOTARY PUBLIC

Alicia McNamee
STATE OF NEW YORK
NOTARY PUBLIC
Suffolk County
01MC...

Index No: 623196/2019

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

---

MORGAN STANLEY PRIVATE BANK, NATIONAL ASSOCIATION,

                               Plaintiff,

— against —

ABERDEEN ENTERPRISES, INC., ET AL.,

                               Defendants.

---

**ORDER CONFIRMING REFEREE REPORT AND JUDGMENT OF FORECLOSURE AND SALE WITH NOTICE OF ENTRY**

---

ROACH & LIN, P.C.
*Attorneys for Plaintiff*
*Office and Post Office Address, Telephone*
6851 JERICHO TURNPIKE, SUITE 185
SYOSSET, NY 11791
TEL:(516) 938-3100, FAX:(516) 931-4403