IN UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
In re:                                                         :      Chapter 11
                                                               :
BRICKCHURCH ENTERPRISES, INC.,                                 :      Case No. 22-70914-ast
                                                               :
                                                               :
                                        Debtor.                :
                                                               :
---------------------------------------------------------------x

**MOTION OF DUANE MORRIS LLP & BRETT MESSINGER TO WITHDRAW AS COUNSEL FOR BRICKCHURCH ENTERPRISES, INC. ABERDEEN ENTERPRISES, INC. AND LOUISE BLOUIN**

TO THE HONORABLE ALAN S. TRUST,
CHIEF UNITED STATES BANKRUPTCY JUDGE:

Duane Morris LLP and Brett L. Messinger (referred to collectively as "Counsel"), pursuant to Rule 2090-1(d) of the Local Rules of Procedure of this Court, respectfully requests an Order allowing Counsel to Withdraw as counsel for Brickchurch Enterprises, Inc. ("Debtor"), Aberdeen Enterprises, Inc. ("Aberdeen") and Louise Blouin ("Blouin," and collectively with Debtor and Aberdeen, , "Clients") from all matters pending before this Court, and in support therefore, respectfully shows as follows:

## BACKGROUND

1.      On April 30, 2022 (the "***Petition Date***"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor continues to operate its business and manage its property as debtor and debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in this chapter 11 case.

2.      The Debtor is the owner of a luxury residential estate located at 366 Gin Lane, Southampton, New York, 11968 (the "***Debtor's Property***").

1

3. Adjacent to the **Debtor's Property** is another luxury estate located at 376 Gin Lane in Southampton (the "***376***"). 376 is owned by Aberdeen. Aberdeen, through counsel at Goldberg Weprin Finkel Goldstein LLP, recently filed its own Petition under Chapter 11 under docket number 23-72834.

4. Debtor is owned by Brickchurch Enterprises (BVI), Ltd., which is a company located and existing under the law of the British Virgin Island.

5. Aberdeen is owned by Aberdeen Enterprises (BVI), Ltd., which is a company located and existing under the law of the British Virgin Island.

6. Brickchurch Enterprises (BVI), Ltd. and Aberdeen Enterprises (BVI), Ltd. are owned by Aberdeen Enterprises Holdings (BVI), Ltd., also located in the British Virgin Island.

7. Louise Blouin ("Ms. Blouin") is the owner of 100% of the shares of Aberdeen Enterprises Holdings (BVI), Ltd.

8. Prior to the Petition Date (April 30, 2022), the Debtor and Aberdeen were engaged in litigation with JGB Partners, LP, JGB Capital, LP, JGB (Cayman) Ancona, Ltd., JGB Plymouth Rock, LLC (collectively, "***JGB***"). That litigation was initiated by JGB when it filed a foreclosure action in the Supreme Court of New York, in and for Suffolk County, under Index Number 623208 (the "JGB Foreclosure Action"). In the JGB Foreclosure Action, judgment of foreclosure and sale were entered in the amount of $39,961,521.80. Thereafter, it was ordered that the ***Debtor's Property*** and 376 Gin Lane would be sold at foreclosure sale, with the **Debtor's Property** being the first to be exposed to foreclosure sale. The sale of **Debtor's Property** was set to occur on May 2, 2022.

9. Just prior to the foreclosure sale, Debtor filed the Petition.

10. On September 22, 2022, Debtor filed an Application to Employ Duane Morris LLP as Special Litigation Counsel, to provide the following services to Debtor:

- Advising the Debtor, and coordinating with Simmons Legal PLLC ("Simmons Legal"), the Debtor's general bankruptcy counsel, in connection with the Debtor's litigation;

- Preparing, presenting and responding to, on behalf of the Debtor, as debtor in possession, necessary applications, motions, objections, orders, reports, filings and other legal papers in connection with the Debtor's pending appeal and other litigation;

- Consulting with the Debtor's management and other advisors in connection with the Debtor's litigation matters;

- Attending meetings and negotiating with representatives of the Debtor's prepetition lenders and other third parties and participating in negotiations with respect to the above matters; and

- Performing other necessary legal services normally associated with the above matters, as the Debtor's Special Litigation Counsel during the pendency of the chapter 11 case.

11. On November 16, 2022, the Court granted the Application to Employ Duane Morris LLP as Special Litigation Counsel, and Brett L. Messinger, Esquire of that firm entered his appearance on behalf of Debtor.

12. Consistent with the employment of Duane Morris LLP as Special Litigation Counsel, Counsel represented Clients in the following matters:

- Defending against the efforts of JGB parties to obtain relief to foreclose on the Debtor's Property and 376;

- Negotiated the terms and structure of the DIP Facility; the DIP Order, and the settlement and release of the JGB parties;

- Began drafting a lawsuit against JGB and its principals;

- Assisted in the DIP financing closing with the new lender Bay Point Capital Partners II, Ltd. ("Bay Point"), including the review of dozens of documents to secure the repayment of the DIP obligation;

- Resolving title issues for the DIP facility to close, including addressing late liens

filings by the Internal Revenue Service ("IRS") and devoting significant amount of time to corporate structure issues, loss corporate stocks, loss records and related items concerning Debtor, Aberdeen Enterprises, Inc., and the various British Virgin Island entities, and liaising with counsel in the British Virgin Islands;

- Consulted with Clients and other managers and advisors in connection with Debtor's litigation matters;

- Perfecting and filing an Appeal in the New York Supreme Court for the Second Department, in the Foreclosure Action;

- Attended meetings and negotiated with representatives of the Debtor's prepetition lenders and other third parties and participated in negotiations with respect to the above matters;

- Filed actions relating to two mechanic's liens on the Aberdeen property;

- Filed claims objections and conducted discovery, including depositions, in regard to the IRS's purported liens and Proof of Claims;

- Filed a separate action in the United States District Court for the Eastern District of New York to strike off the Federal Tax Lien filed by the IRS, as well as to have the imposition of Trust Fund Recovery Penalties deemed invalid and proceeded with discovery in this Court and in the separate action;

- Assisted Debtor and Aberdeen in the development of an exit strategy to pay off the Bay Point DIP loan and another loan on 376 Gin Lane to Morgan Stanley Private Bank; and

- Performed other necessary legal services normally associated with the above matters.

## PROCEDURAL PROSTURE

13. Currently, pending before the Court are: (i) a motion to dismiss ("**Debtor's Motion to Dismiss**") the case filed by the Debtor; (ii) a separate Disclosure Statement filed by Bay Point, setting forth its proposed plan; and (iii) the fully briefed Motion to Disallow the IRS's Proof of Claim.

14. Matters relating to the Debtor's Motion to Dismiss the Disclosure Statement filed by Bay Point are being handled by Ms. Simmons. Counsel is handling the Motion to Disallow the IRS's Proof of Claim; which has been held in abeyance while this Court first addresses whether

the case will be dismissed.

15. On July 18, 2023, the Court held a hearing on the status of the Chapter 11 Case, Debtor's Motion to Dismiss and Bay Point's Disclosure Statement with respect to its proposed plan filed with the Court.

16. At the July 18 hearing, the parties informed the Court that the parties had not reached an agreement on a joint plan. Other matters with the IRS were likewise not resolved or settled. The Court accordingly directed and instructed the Debtor and Bay Point to use the next 10 days (until July 28, 2023) to attempt to resolve the matters pending between those parties. The parties were ordered to report to the Court no later than July 28, 2023, on whether the parties reached agreement.

17. Less than 24 hours after the Court hearing in which the Court gave instructions to negotiate and try to reach resolution by July 28, Bay Point filed a Notice with the Court to notify the Court that it purportedly removed Debtor's previous corporate officers and directors and replaced them with Charles Andros. *See* Dkt. No. 278.

18. It is believed that Bay Point will be filing a motion asking the Court to determine whether Bay Point's Notice has any effect.

19. During the period of time leading up to the filing of the Motion to Dismiss, and thereafter, there have emerged irreconcilable conflicts between Clients and Counsel. Counsel has received instructions from Clients that Counsel is not authorized to take further action on behalf of Clients. Clients have also announced in an email to Bay Point and its counsel, that Counsel has been dismissed from further representation of Clients. Clients are also not communicating with Counsel in an effective way, opting instead to deal with counsel at Hollands & Knight and the bankruptcy counsel hired by Aberdeen, to Counsel's exclusion.

**POINTS OF LAW**

Withdrawal of counsel in this Court is governed by Rule 2090-1(d) of the Local Rules of Procedure of this Court, which provides, in pertinent part, as follows:

> An attorney who has . . . (ii) been authorized to be retained; may not withdraw or be relieved or displaced except by order after notice to the party represented, any adversaries (if applicable), the United State trustee and the trustees. An application for such an order shall include a showing by affidavit of satisfactory reasons for withdrawal or displacement and the posture of the case, including the status of any pending matters.

### A. Satisfactory Reasons Exist For Counsel to Withdraw

Courts in the Eastern and Southern Districts of New York have interpreted "satisfactory reasons" to "include failure to pay legal fees, a client's lack of cooperation – including lack of communication with counsel, and the existence of irreconcilable conflict between the attorney and client." *Diarama Trading Co. Inc. v. J. Walter Thomosin U.S.A. Inc.*, No. 01 Civ. 2950, 2005 WL 1963945 (S.D.N.Y. Aug. 15, 2005) (internal quote omitted); *accord United States v. Lawrence Aviation Indus.*, No. 06 Civ. 04818, 2011 WL 601415 (E.D.N.Y. Feb. 11, 2011) ("the existence of an irreconcilable difference between attorney and client is a proper basis for the attorney to cease representing his client); *Naguib v. Public Health Solutions*, No. 12 Civ. 02561 2014 U.S. Dist. LEXIS 67125 (E.D.N.Y. May 15, 2014) (granting motion to withdraw where plaintiff failed to appear for her deposition against counsel's advice).

Here, as demonstrated in the accompanying declaration, Counsel has shown good cause for withdrawal based upon non-cooperation and irreconcilable differences Counsel and Clients. In fact, Clients have already dismissed Duane Morris as counsel. Based on these reasons, we ask the Court to grant Counsel leave to withdraw as the counsel for Clients.

### B.     Allowing Counsel To Withdraw At This Juncture Of The Case Will Not Cause A Disruption

The core issues relating to the Debtor's Motion to Dismiss and the Disclosure Statements is being handled by Ms. Simmons. While there may be, if a Plan is approved, an evidentiary hearing (trial) on the IRS's Proof of Claim, Debtor will have time to engage alternative counsel.

Given the current posture of this case, allowing Counsel to withdraw will not disrupt the litigation of this case. *See, e.g., Yohay v. Warmbold,* 2000 U.S. Dist. LEXIS 3305 (E.D.N.Y. Feb. 3, 2000) (granting motion to withdraw where "[a] trial date has not yet been set, and discovery is ongoing"); *Farmer v. Hyde Your Eyes Optical, Inc.,* 13 Civ. 6653, 2014 U.S. Dist. LEXIS 160263 (S.D.N.Y. Nov. 13, 2014) ("[a]lthough the discovery period is nearly over, no trial date has been set yet. [Attorney's] withdrawal may impact the timing of prospective motion practice but will not disrupt the proceedings to the point where denial would be warranted."); *Bijan Karimian v. Time Equities, Inc.*, 2011 U.S. Dist. LEXIS 51916 (S.D.N.Y. May 11, 2011) (granting motion to withdraw as counsel where "although substantial discovery has taken place, discovery has not yet closed, and trial is still several months away.").

Finally, Counsel does not seek to assert a charging or retaining lien against Clients, but will file its final fee application as required.

## CONCLUSION

WHEREFORE, Counsel respectfully requests that the Court enter an appropriate order allowing Counsel to withdraw from further representing Clients.

Dated:  September 5, 2023                                  Respectfully submitted,

                                                  DUANE MORRIS LLP

                                                  /s/ Brett L. Messinger
                                                  Brett L. Messinger
                                                  1540 Broadway
                                                  New York, NY 10036
                                                  215.979.1508
                                                  Email: blmessinger@duanemorris.com

## CERTIFICATE OF SERVICE

I certify that on September 5, 2023 a true and correct copy of the foregoing Motion was served electronically upon all parties of record through the Court's Electronic Case Filing System on those parties that have consented to such service.  I also sent this filing by email and regular mail to the following:

Mathew Kabatoff, Director of Brickchurch Enterprises, Inc.
and Aberdeen Enterprises, Inc.
366-367 Gin Lane
Southampton, NY 11968
email: mkabatoff@ltbholding.com

Louise Blouin
366-367 Gin Lane
Southampton, NY 11968
email: lt@ltbholding.com

8

Charles Andros, purported but disputed
Director of Brickchurch Enterprises, Inc.
and Aberdeen Enterprises, Inc.
Bay Point
3050 Peachtree Road NW, Suite 740
Atlanta, GA 30305
email: charlesandros@baypointadvisors.com

                                            DUANE MORRIS LLP

                                            /s/ Brett L. Messinger
                                            Brett L. Messinger
                                            1540 Broadway
                                            New York, NY 10036
                                            215.979.1508
                                            Email: blmessinger@duanemorris.com