UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
In re:                                                                                    Chapter 11

      BRICKCHURCH ENTERPRISES, INC.,                 Case No. 22-70914-ast

                       Debtor
----------------------------------------------------------------X
In re:                                                                                    Chapter 11

      ABERDEEN ENTERPRISES, INC.,                     Case No. 23-72834-ast

                       Debtor.
----------------------------------------------------------------X

**DEBTORS' JOINT MOTION SEEKING ENTRY OF AN ORDER UNDER BANKRUPTCY CODE SECTIONS 363(a), (b), (f) AND (m) AND BANKRUPTCY RULES 2002, 6004 AND 9004: (I) AUTHORIZING DEBTORS TO SELL TO THE HIGHEST AND BEST BIDDER AT AN AUCTION SALE THE ESTATES' INTEREST IN THE REAL PROPERTIES KNOWN AS, (a) 366 GIN LANE, SOUTHAMPTON, NEW YORK 11968 and (b) 376 GIN LANE, SOUTHAMPTON, NEW YORK 11968; (II) SCHEDULING A HEARING TO APPROVE SUCH SALE TO THE HIGHEST AND BEST BIDDER; (III) APPROVING CERTAIN BIDDING PROCEDURES; AND (IV) APPROVING THE MANNER AND EXTENT OF NOTICE OF SUCH AUCTION HEARING**

**TO:     THE HONORABLE ALAN S. TRUST**
          **CHIEF UNITED STATES BANKRUPTCY JUDGE**

Aberdeen Enterprises, Inc. (the "Aberdeen") and Brickchurch Enterprises, Inc. ("Brickchurch"), by this motion (the "Motion") respectfully seek the entry of an order (the "Order") of this Court under sections 363(a), (b), (f) and (m) of Title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002, 6004 and 9004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rule"): (i) authorizing the sale of the real properties commonly known as (a) 366 Gin Lane, Southampton, New York 11968 ("366 Gin Lane"); and (b) 376 Gin Lane, Southampton, New York 11968 ("376 Gin Lane" collectively the "Properties") to the highest and or best offer or offers received at an auction, free and clear of all liens, claims, encumbrances and other interests with such liens, claims, encumbrances and other interests to attach to the

proceeds of the sale for good and valuable consideration, substantially in accordance with the terms and conditions set forth herein to the bidder with the highest and or best offer to be considered and approved by the Court at said hearing; (ii) approving the terms and conditions for submitting offers and bidding procedures; (iv) approving the form and manner of notice with respect to the auction hearing (the "Sale Hearing"); and (iii) granting such other and further relief as this Court deems just and proper under the circumstances, Aberdeen and Brickchurch respectfully states as follows:

## JURISDICTION AND VENUE

1.  This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding under 28 U.S.C. § 157(b). Venue is proper in this Court pursuant to 28 U.S.C. § 1408, *et seq*.

## STATUTORY AUTHORITY

2.  The statutory predicates for the relief sought in this Motion are sections 105, 363(a), 363(b), 363(f) and 363(m) of the Bankruptcy Code, and Rules 2002, 6004 and 9004 of the Bankruptcy Rules.

## BACKGROUND

**A.    Commencement of Chapter 11 Bankruptcies**

3.  On April 30, 2022, Brickchurch filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code and was assigned the bankruptcy case number 22-70914-ast (the "Brickchurch Bankruptcy").

4.  Brickchurch continues to operate its business and manage its property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Code. No official committee of unsecured creditors has been appointed in that chapter 11 case.

5. On August 2, 2023, Aberdeen, an affiliate of Brickchurch, filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code and was assigned the bankruptcy case number 22-70914-ast (the "Aberdeen Bankruptcy").

6. Aberdeen continues to operate its business and manage its property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Code and no official committee of unsecured creditors has been appointed.

**B.     The Properties**

7. As of the filing of the Brickchurch Bankruptcy, Brickchurch was the fee simple owner of the 366 Gin Lane property.

8. As of the filing of the Aberdeen Bankruptcy, Aberdeen was the fee simple owner of the 376 Gin Lane property.

9. The two contiguous Properties owned by Aberdeen and Brickchurch comprise a four-acre estate compound with 400 feet of bulkhead beach front on the Atlantic Ocean. The compound is one of the finest oceanfront estates in the Hamptons.

10. The Properties are improved by separate residential homes.

11. 376 Gin Lane is improved by a four story, ten (10) bedrooms, eight (8) baths, 10,900 square foot residential home, while 366 Gin Lane is improved by a nine (9) bedroom, eight (8) bath, 10,400 square foot residential home.

12. 376 Gin Lane has been appraised for as much as $73 million, while 366 Gin Lane has been separately appraised at $63 million.

13. Aberdeen and Brickchurch shall retain, by separate application and entry of an Order of this Court a broker to assist them in marketing and selling the estate's interest in the Properties.

**C.     The Mortgages and Liens on Properties**

14.     376 Gin Lane is encumbered by a first mortgage in the amount of approximately $15,480,245.90 held by Morgan Stanley Private Bank N.A. ("Morgan Stanley").

15.     In addition to the first mortgage held by Morgan Stanley, the 376 Gin Lane together with 366 Gin Lane is potentially subject to a second mortgage lien asserted by JGB Partners LP and its affiliates ("JGB"), to secure a loan in the original principal sum of $26 million made to both Aberdeen and Brickchurch. The second mortgage was recently assigned to Bay Point Capital Partners II, LP ("Bay Point").

17.     376 Gin Lane is also encumbered by Federal tax liens, unrelated to the entity itself, in the aggregate amount of approximately $4.7 million. Those liens are disputed by the Debtors.

18.     A third mortgage lien in the amount of approximately $18 million, junior to the Federal tax liens, secures a loan made directly by Bay Point, and is allegedly cross collateralized by both 376 Gin Lane and 366 Gin Lane. To round out the capital structure, there is also a disputed mechanic's lien in the amount of approximately $94,000.

**D.     Proposed Sale**

19.     At this time, Aberdeen and Brickchurch do not have a Stalking Horse Offer (defined below), but intends to seek out a Stalking Horse Offer upon approval of the relief sought herein by the Court.  Thus, pursuant to this Motion, Aberdeen and Brickchurch seeks authority (i) to sell the Properties together or separately at auction without a Stalking Horse Offer, to the extent an acceptable Stalking Horse Offer cannot be achieved before the auction, and (ii) is also requesting the right to designate, on a later date, a Stalking Horse Purchaser for the sale of the Properties, with such Stalking Horse Offer being subject to approval of the Court in advance of the auction (on shortened notice).

20. Aberdeen and Brickchurch intend to begin marketing the Properties for sale immediately upon approval of the bidding procedures and terms and conditions of sale proposed in this Motion, retention of a broke and anticipates designating a Stalking Horse Purchaser prior to the scheduled auction sale.

21. The Premises is being sold "as is", "where is", "with all faults", without art, furnishings and other such belongings of the occupant and vacant and free of any and all tenancies that may exist.

## BASIS FOR RELIEF

22. Bankruptcy Code Section 363(b) provides that a "trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate . . ." A trustee must demonstrate a sound business justification for a sale or use of assets outside the ordinary course of business. *See, e.g., Licensing By Paolo, Inc., v. Sinatra (In re Gucci)*, 126 F.3d 380, 387 (2d Cir. 1997); *In re Lionel Corp.,* 722 F.2d 1063, 1070 (2d Cir. 1983); *In re Global Crossing Ltd.,* 295 B.R. 726, 743 (Bankr. S.D.N.Y. 2003); *In re Ionosphere Clubs, Inc.,* 100 B.R. 670, 675 (Bankr. S.D.N.Y. 1989).

23. Here, sound business reasons exist to justify selling the Properties subject to higher and better offers at an auction. The Properties will been extensively marketed by _____. The proceeds of sale from the Properties will benefit creditors of the estate who will receive a beneficial distribution on timely filed claims.

24. As stated herein, Aberdeen and Brickchurch may sell property of the estate free and clear of any interest in such property of an entity other than the estate only if, at least one of the following conditions is satisfied:

    (1)    applicable nonbankruptcy law permits sale of such property free and clear of such interest;

    (2)    such entity consents;

   (3)  such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

   (4)  such interest is in *bona fide* dispute; or

   (5)  such entity may be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f).

  25.  Since Bankruptcy Code Section 363(f) is drafted in the disjunctive, satisfaction of any one of its five requirements shall suffice to approve the sale of the Properties free and clear of liens, claims, encumbrances and interests. *Mich. Employment Sec. Comm'n v. Wolverine Radio Co. (In re Wolverine Radio Co.),* 930 F.2d 1132, 1147, n.24 (6th Cir. 1991) (recognizing that Bankruptcy Code section 363(f) is written in the disjunctive and holding that the court may approve a sale "free and clear" provided that at least one subsection of section 363(f) is met.) *See, also, In re Elliot,* 94 B.R. 343, 345 (E.D.Pa. 1988).

  26.  This Motion together with the Plan and Disclosure Statements on consent with the secured lender, Bay Point, is evidence of the consent required to satisfy the element of Bankruptcy Code Section 363(f)(2) as to the sale of the Properties, and the Court may authorize Aberdeen and Brickchurch to sell the Properties free and clear of all liens, claims, encumbrances and other interests.

  27.  By virtue of the foregoing, it is respectfully requested that this Court authorize Aberdeen and Brickchurch to sell the Properties free and clear of all liens, claims, encumbrances and other interests with such liens, claims, encumbrances and other interests to attach to the proceeds of sale pursuant to section 363(b)(f) and (m) of the Bankruptcy Code. The Properties shall be sold "as is", "where is", "with all faults", and subject to any and all tenancies that may exist. Aberdeen and Brickchurch makes no representations whatsoever as to the Properties or the status of any tenancies.

## REQUESTED RELIEF

28. Aberdeen and Brickchurch seek an order of this Court, substantially in the form of the proposed order annexed hereto:

  (a) Authorizing the sale of the Properties to a purchaser making the highest/best offer at the auction;

  (b) Approving the terms, conditions and procedures for Aberdeen and Brickchurch sale of the estate's interest in the Properties to such purchaser;

  (c) Approving the bidding procedures set forth more fully below;

  (d) Approving the manner and extent of notice of the auction sale, if any;

  (e) Allowing Aberdeen and Brickchurch to sell the estate's interest in the Properties free and clear of all liens, claims, encumbrances and interests with such liens, claims, encumbrances and interests, if any to attach to the proceeds; and

  (f) Granting such other relief and further relief as is just and proper under the circumstances.

## BIDDING PROCEDURES

29. Aberdeen and Brickchurch proposes and seeks Court approval of the bidding procedures set forth in the attached **Exhibit "A"**, for any third party wishing to submit a bid for the estate's interest in the Properties at an auction sale to be conducted by Aberdeen and Brickchurch.

## SUMMARY OF THE PROPOSED CONTRACT OF SALE

30. The Successful Bidder may be required to enter into a contract of sale for the Properties with Aberdeen and Brickchurch and a summary of the terms of the contract of sale are set forth below.

31. <u>Seller</u> is Aberdeen and/or Brickchurch, debtors herein.

32. <u>Proposed Purchaser</u> is the bidder or bidders with the highest and best offer at an auction.

33. <u>Property Description</u> is the Properties as described herein.

34. <u>Conveyance</u> is in "all as presently exists" in "as is" "where is" condition "with all faults." Aberdeen and Brickchurch makes no representations or warranties of any sort. The sale is vacant and free of all tenancies.

35. <u>Purchase Price</u> is the amount determined to be the highest and best offer made at an auction. While the parties agree that the proposed purchaser's obligations under the terms of the contract are not contingent upon the proposed purchaser obtaining financing, the proposed purchaser may apply for financing and the seller will reasonably cooperate in the process.

36. <u>Adjustments</u> – As per custom.

37. <u>Delivery of Possession</u> - on the date of closing.

38. <u>Conditions of Closing</u> - This sale is expressly subject to Bankruptcy Court approval of the Sale in ether an Order confirming the Sale or the Order Confirming the Joint Plan of Reorganization and is subject to higher and better offers thereupon. The Successful Bidder or Bidders shall be required to close title, provided title is clear to close and as provided for herein, within thirty (30) days following the date of entry of a Bankruptcy Court Order approving the Sale, time being of the essence. If, for any reason, the Successful Bidder or Bidders fails to close as provided for herein, Aberdeen and Brickchurch shall retain the Successful Bidder or Bidders' down payment as and for liquidated damages and shall be free to sell to another buyer.

39. <u>Transfer/Recording Fees/Taxes</u> – The Successful Bidder or Bidders are solely responsible for the payment of any and all Transfer/Recording Fees/Taxes/Mansion Taxes in connection with the sale of the Properties.

40. <u>Closing</u> at Aberdeen's and/or Brickchurch's counsel's office, or another location agreed upon by the parties.

41. <u>Applicable Law</u> is the law of the State of New York and the United States Bankruptcy Code.

42. <u>Risk of Loss</u> is the Seller's until the date of Closing.

43. Aberdeen and Brickchurch believe that the overall terms of the proposed contract of sale are favorable to the estate, not harmful to Aberdeen and Brickchurch,..

44. Aberdeen and Brickchurch maintain that the above procedures constitute appropriate bidding procedures under the facts and circumstances of this case. In order to maximize the benefit to the estate, Aberdeen and Brickchurch seek to implement this competitive bidding process given the nature of the proposed transaction. Aberdeen and Brickchurch believe that this procedure is designed to generate a maximum recovery to the estate, while serving to prevent frivolous bidding, and respectfully requests that this Court approve and authorize same.

45. Aberdeen and Brickchurch request that the Court allow them to sell the estate's interest in the Properties free and clear of all liens, claims, encumbrances and other interests with such liens, claims, encumbrances and other interests attaching to the proceeds of sale in the order, priority and validity that they may exist.

## THE PROPOSED SALE IS IN THE BEST INTERESTS OF THE CREDITORS OF THE ESTATE

46. As set forth in detail above, Aberdeen and Brickchurch believes that this proposed sale of the estate's interest in the Properties is in the best interest of the creditors of the debtors' estate.

47. Aberdeen and Brickchurch believe that as the notice of the Sale Hearing and this Motion are (will) being sent to all of the parties who have thus far expressed an interest in the Properties, all parties filing a notice of appearance, and to all of the creditors of the estate, Aberdeen and Brickchurch believe that this will help ensure a fair and equitable bidding process to benefit the creditors of the estate.

## NOTICE

48. This Motion has been filed with the Clerk of the Court and: (i) notice of the Motion; and (ii) the Motion shall be provided to the Office of the United States Trustee, all parties who have filed notices of appearance in the debtors' case, all creditors, parties who have filed proofs of claims, and parties in interest, and parties that have expressed an interest in the Properties, pursuant to the direction of this Court.

**WHEREFORE**, Aberdeen and Brickchurch respectfully requests that this Court enter an order, substantially in the form of the proposed order annexed hereto: (i) authorizing Aberdeen and Brickchurch to sell the Properties, free and clear of all liens, claims, encumbrances and other interests with liens to attach to the sale proceeds, and for other good and valuable consideration substantially in accordance with the terms and conditions of the Bidding Procedures and/or better offer at auction; (ii) approving the terms and conditions for submitting higher or better offers; (iii) approving the form and manner of notice with respect to the Sale Hearing; and (iv) granting such other, further and different relief as this Court deems just, proper and equitable under the circumstances.

Dated: September 5, 2023

| | |
|---|---|
| Simmons Legal PLLC | Goldberg Weprin Finkel Goldstein LLP |
| *Counsel for Brickchurch Enterprises, Inc.* | *Counsel for Aberdeen Enterprises, Inc.* |
| 1330 Avenue of the Americas, Suite 23A | 125 Park Avenue, 12th Floor |
| New York, New York 10019 | New York, New York 10017 |
| (212) 653-0667 | (212) 221-5700 |
| camisha@simmonslegal.solutions | knash@gwfglaw.com |
| | |
| By:  /s/ Camisha L. Simmons, Esq. | By:  /s/ Kevin J. Nash, Esq. |